ALBERT A. CARTER, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion Filed April 1, 1913.

1. Where a person is held under an executive warrant for extradition, and in *habeas corpus* proceeding the identity of the petitioner is shown by the evidence and no error of law is made to appear in the extradition proceedings, an order directing the petitioner to be held under the warrant will be affirmed.

2. Writs of error in *habeas corpus* cases should be made returnable at the earliest practicable day.

Writ of error to the Circuit Court for St. Johns County.

Order affirmed.

*A. G. Hartridge* and *W. A. MacWilliams,* for Plaintiff in Error;

*T. F. West,* Attorney General, and *C. O. Andrews,* for the State.

WHITFIELD, J.—The writ of error herein was allowed and taken to an order remanding a petitioner in habeas corpus proceedings before the Judge of the Fourth Judicial Circuit.

It appears from the papers presented by the petitioner on this writ of error that J. A. Thompson, alias Lewis Hall, was indicted for the crime of grand larceny in the first degree in the State of New York. An application was made to the Governor of New York "for a requisition upon the Governor of the State of Florida for J. A. Thompson, alias Lewis Hall, arrested in St. Augustine (Florida) under the name of Albert A. Carter." The

Governor of New York issued a requisition on the Governor of Florida for "J. A. Thompson, alias Lewis Hall, alias Albert A. Carter." The Governor of Florida issued a warrant stating that "Whereas, the executive authority of the State of New York has demanded of the executive authority of the State of Florida the delivery and surrender of the body of J. A. Thompson, alias Lewis Hall, alias Albert A. Carter, as a fugitive from justice from said State of New York to said State of Florida, and has produced and filed with the executive authority of said State of Florida, to which said State said J. A. Thompson, alias Lewis Hall, alias Albert A. Carter, has fled from the State of New York, a copy of indictment charging the said person so demanded with having committed in said State of New York against the laws of said State of New York the crime of grand larceny in the first degree and which is certified as authentic by the Governor of said State of New York.

NOW, THEREFORE, This is to command you to apprehend and arrest the body of the said J. A. Thompson, alias Lewis Hall, alias Albert A. Carter, and deliver his said body to James J. Gegan, agent of the said State of New York, duly authorized and empowered to receive and convey the said J. A. Thompson, alias Lewis Hall, alias A. A. Carter, to the State of New York, then and there to be surrendered to the legal authorities of said State, to be dealt with according to law."

The petitioner being held in custody applied for a writ of habeas corpus. At the hearing the warrant issued by the Governor was presented and testimony as to the identity of the petitioner was taken. The court ordered the petitioner to be delivered to the agent of the State of New York. On writ of error it is contended that the identity of the petitioner was not shown and

that "the judge erred in not inquiring into the sufficiency of the judicial proceedings upon which the requisition and warrant are based."

The bill of exceptions contains evidence that the petitioner was known as J. A. Thompson, alias Lewis Hall, and that he was also known as Albert A. Carter; and that the petitioner is the identical person who is charged with the crime for which the requisition was requested and issued under the law. Any conflicts or discrepancies that may appear in the evidence have been passed upon by the trial court and his finding as to the identity of the petitioner is amply sustained by the evidence.

It does not appear from the bill of exceptions that the petitioner offered at the hearing below anything to show that the executive warrant was not based upon proper proceedings. The petitioner has presented here papers that show the executive warrant was issued upon proceedings as stated above in this opinion; and such proceedings are in substantial compliance with law.

In allowing writs of error in habeas corpus cases, the judge would facilitate the administration of justice by directing that the writ be made returnable at the earliest practicable day in order to avoid needless delays in these important proceedings. The writ in this case was allowed on December 21, 1912. It was issued the same day and as directed by praecipe was made returnable on March 10, 1913, which has caused an unnecessary delay.

The order directing that the petitioner be delivered to the custody of the accredited agent of the State of New York is affirmed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.