THE STATE OF FLORIDA *ex rel.* HARLIS SELLERS, *alias* HARLEY SELLERS, *Plaintiff in Error,* v. BYRON PARKER, SUPERINTENDENT OF CITY PRISON FARM, CITY OF JACKSONVILLE, DUVAL COUNTY, FLORIDA, *Defendant in Error.*

Opinion Filed February 21, 1924.

Petition for Rehearing Denied May 14, 1924.

This case was decided by Division B.

1. Section 3 of the Declaration of Rights in our Constitution providing that "the right of trial by jury shall be secure to all, and remain inviolate forever," was never intended to *extend the right* of jury trial, but merely *secures it* in the cases *in which it was matter of right before the adoption of the Constitution.*

2. Trials in municipal courts for infractions of municipal ordinances were conducted generally without juries prior to the adoption of our Constitution, and, therefore, do not fall within the constitutional guaranty; and offenders against such ordinances are not entitled to a jury trial in such courts.

3. The common law may be changed by statute when not forbidden by organic law, and when the common law is changed by statute, the subsequent adoption of organic law has relation to existing statutes that change the common law.

State ex rel. Sellers v. Parker—Syllabus.

4. Prior to the adoption of the first Constitution of this State, municipalities when expressly authorized by law could impose imprisonment as a primary punishment for violations of valid public municipal ordinances; and under the Constitution authorizing the legislature to prescribe the jurisdiction and powers of municipalities, statutes may authorize the imposition of imprisonment as a primary penalty for violating a valid public ordinance, without a jury trial, the right of trial by jury as it existed prior to the first Constitution of the State, not having been extended by organic law or by statute to trials for violating municipal ordinances.

5. A municipal ordinance providing that "it shall be unlawful for any person or.persons, while under the influence of intoxicating liquor, or while in an intoxicated condition, to drive or operate any automobile or motor vehicle, over and upon the streets of the city of Jacksonville," fixes a reasonably ascertainable standard of guilt to be ascertained by the ordinary processes of municipal court trials even though a question of degree of intoxication be involved.

6. Imprisonment within legal authority is not made cruel or unusual by the nature of the trial, whether by jury or summarily by a·judge when so authorized by law; and when the term of imprisonment for violating a city ordinance is similar to that imposed under the law for violating a statute, and the term and nature of the imprisonment are appropriate to suitably and reasonably punish for the offense committed in view of its nature and enormity, it cannot be said that the punishment is cruel or unusual within the meaning of the constitutional inhibition.

7. Where the penalty as imposed is legal, if there is an unlawful enforcement or execution of the penalty that amounts to cruel or unusual punishment or to other violations of the rights of the person upon whom a legal sentence has been imposed, the law affords appropriate relief and redress.

8. The mere fact that under the ordinance the municipal judge may impose a longer term of imprisonment on some offenders than on others within the limits fixed by the ordinance, does

not affect the validity of the ordinance or the sentence in this case which is the minimum term of imprisonment.

9. The laws of the State do not require the judge of a municipal court to be an attorney at law; and if the judge of such court is not an attorney at law, his official acts as such judge are not thereby rendered illegal.

A Writ of Error to the Circuit Court for Duval County; DeWitt T. Gray, Judge.

Affirmed.

*J. N. Morris* and *Julian Hartridge,* for Plaintiff in Error;

*L. W. Strum,* for Defendant in Error.

WHITFIELD, P. J.—An amended petition for a writ of habeas corpus, presented to the Circuit Judge, alleges that petitioner "was tried in the Municipal Court of the City of Jacksonville on October 29th, 1923, under the charge of driving an automobile while under the influence of intoxicating liquor, in violation of Ordinance No. Q-71, as amended by ordinance No. Q-112, of the City of Jacksonville, copy of which said ordinance and amendment thereto being hereto attached, marked "Exhibit A" and made a part hereof; that at said time and place he was found guilty by the Judge presiding in said Court without a jury, and was thereupon sentenced *to imprisonment* for a period of thirty days; that thereupon, by virtue of the conviction as aforesaid, and the sentence as aforesaid, he was delivered to the said Byron Parker, as Superintendent of said Prison Farm of the City of Jacksonville, and that he has been ever since and still is

confined by him, as aforesaid; that the detention as aforesaid is illegal and unlawful in this respect, to-wit:

"That said ordinance No. Q-71, being Bill No. Q-136, as amended by ordinance No. Q-112, Bill No. Q-206, is unconstitutional and invalid, for the following reasons, to-wit:

"1. It is violative of Section 11 of the Bill of Rights of the State of Florida, and the fifth and sixth Amendments. of the Constitution of the United States, in that it does not require an ascertainable standard of guilt, and it permits standards of guilt to be fixed by the Court, and that it fails to secure the accused the right to be informed of the nature and cause of accusations against him.

"2. It is violative of Section 3 of the Bill of Rights of the Constitution of the State of Florida which says that the right of trial by jury shall be secure to all and remain inviolate forever, and the ordinance provides that any person convicted· shall be punished by imprisonment and does not provide for the alternative of a fine.

"3. It is invalid, for that:

"(a) The Ordinance as passed and amended is beyond the power granted by the Legislature to the Council of the City of Jacksonville.

"(b) The ordinance provides that any person convicted shall be punished by imprisonment and does not provide for the alternative of a fine.

"(c) Because Section 2 of Article X, Chapter 3775 of the Laws of Florida, which is Section 53 of the Code of Jacksonville as prepared in 1911 by P. H. Odom, provides:

" 'All persons tried in said court who shall be acquitted of the offenses charged against them shall be at once discharged.

" 'All persons convicted by said court shall forthwith

VOL. 87, JANUARY TERM, 1924.        185

State ex rel. Sellers v. Parker—Opinion of Court.

pay all fines and costs assessed against them, in default whereof they may be committed; Provided, That if such persons shall appeal within three days from the judgment of the court' they shall be released upon entering into bond, with good and sufficient security, in double the amount of the fine and costs assessed against them, conditioned to appear before the court to which cause is appealed, and to abide by and perform the judgment thereof.

"And the penalty imposed by the ordinance and the sentence imposed upon petitioner by virtue of the ordinance do not fix any fine or assess any costs and are therefore beyond and exceed the legislative power given to the City Council by the Legislature."

The amended ordinance referred to as "Exhibit A" is as follows:

"Section 1. It shall be unlawful for any person or persons, while under the influence of intoxicating liquor, or while in an intoxicated condition, to drive or operate any automobile or motor vehicle, over and upon the streets of the City of Jacksonville.

"Any person or persons convicted of a violation of Section 1 of this ordinance shall be punished as follows: For the first offense by imprisonment for a period of not less than thirty days, nor more than sixty days; for the second offense by imprisonment for a period of not less than sixty days; for the third and subsequent offense for a period of ninety days."

The petitioner was remanded and was allowed and took writ of error under the statute. Sec. 3580, Rev. Gen. Stats. 1920; Carter v. State, 65 Fla. 347, 61 South. Rep. 591.

It is contended here that the ordinance "is unconstitutional because it denies petitioner the right of trial by

jury, and provides for imprisonment as a punishment and not as an alternative in default of the payment of a fine;" that "the ordinance is beyond the authority given to the Council of the City of Jacksonville by the State of Florida;" and that "the ordinance is violative of Section 11 of the Bill of Rights of the Constitution of the State of Florida and of the Fifth and Sixth Amendments of the Constitution of the United States."

The Constitution of the State contains the following provisions:

"In all criminal prosecutions the accused shall have the right to a speedy and public trial, by an impartial jury, in the county where the crime was committed, and shall be heard by himself, or counsel, or both, to demand the nature and cause of the accusation against him, to meet the witnesses against him face to face, and have compulsory process for the attendance of witnesses in his favor, and shall be furnished with a copy of the indictment against him." See 11, Declaration of Rights.

"The Legislature shall have power to establish and to abolish municipalities, to provide for their government, to prescribe their jurisdiction and powers, and to alter or amend the same at any time." Sec. 8, Art. 8, Const.

The Fifth and Sixth Amendments to the Federal Constitution do not apply to proceedings in the State or municipal courts. Kinkaid v. Jackson, 66 Fla. 378, 63 South. Rep. 706. But the State Constitution contains somewhat similar provisions.

It is obvious that Section 11 of the Declaration of Rights has no application to trials for violations of municipal ordinances. See Wright v. Worth, 83 Fla. 204, 91 South. Rep. 87.

Section 3 of the Declaration of Rights in our Constitution, providing that "the right of trial by jury shall be

secure to all, and remain inviolate forever,'' was never intended to *extend* the right of jury trial, but merely *secures* it in the cases *in which it was matter of right before the adoption of the Constitution.* Trials in municipal courts for infractions of municipal ordinances were conducted generally without juries prior to the adoption of our Constitution, and, therefore, do not fall within the constitutional guaranty; and offenders against such ordinances are not entitled to a jury trial in such courts. Hunt v. City of Jacksonville, 34 Fla. 504, 16 South. Rep. 398. See *Ex Parte* Scidamore, 55 Fla. 211, 46 South. Rep. 279; Pugh v. Bowden, 54 Fla. 302, 45 South. Rep. 499; Thiesen v. McDavid, 34 Fla. 440, 16 South. Rep. 321; 16 R. C. L. 194, 207; 24 Cyc. 145; Pearson v. Wimbish, 124 Ga. 454, 52 S. E. Rep. 751.

The common law may be changed by statute when not forbidden by organic law (Ruff v. Georgia, S. & F. R. Co., 67 Fla. 224, 64 South. Rep. 782); and when the common law is changed by statute, the subsequent adoption of organic law has relation to existing statutes that change the common law. See Camp. Phosphate Co. v. Anderson, 48 Fla. 226, 37 South. Rep. 722.

The argument predicated upon the theory that imprisonment for a violation of a municipal ordinance cannot legally be imposed except for non-payment of a fine, and that if imprisonment may be authorized to be imposed as a primary penalty for violating municipal ordinances, the right of jury trials in such cases exists, is fully met when it appears that in England and in this country, where expressly authorized by statute, imprisonment may be imposed in the first instance for violations of municipal ordinances that are as in this case public in their nature and relate to matters within proper municipal authority. (See Pearson v. Wimbish, 124 Ga. 454, 52 S. E. Rep. 751;

Bray v. State, 140 Ala. 172, 37 South. Rep. 250; 1 Dillon on Munic. Corp. (4th ed.) §§353, 433; 2 McQuillin on Munic. Corp. §§ 710, 715) ; and when it appears that prior to the admission of Florida into the Union in 1845 under the first Constitution of the State, the Territorial Council of the Territory of Florida in incoporating the Town of Jacksonville, enacted that the Town Council shall have power and authority to pass all ordinances that may be necessary and expedient for the government of the town and to "provide for the punishment of all persons guilty of breeches of the peace within the limits of said town by fine and imprisonment; Provided, That the fine shall in no case exceed twenty dollars and the imprisonment five days," (Sec. 3, Territorial Acts "to incorporate the Town of Jacksonville," approved Feby. 10, 1841, page.12, Acts of 1841) ; and when before the adoption of the present Constitution of 1885, by general statute enacted pursuant to Section 21, Art. 4 Constitution of 1868, imprisonment was expressly provided for as a primary penalty for violating municipal ordinances (Sec. 1, Chap. 324 Acts of 1877; Sec. 11, Chap. 1638 Acts of 1868; Sec. 11, Chap. 1688 Acts of 1869; Sec. 1839 Rev. Gen. Stats. 1920) ; and when the present constitution under which the charter power here considered was granted, in Section 8, Art. 8, specifically confers upon the legislature "power to pre-scribe the jurisdiction and powers" of municipalities; and when the right of trial by jury has not been enlarged or extended by the constitution or by statute to trials for vio-lations of municipal ordinances.

It is lawful under the present constitution, particularly Section 8, Article 9, for imprisonment to be imposed for violation of municipal ordinances, when duly authorized by statute, and a jury trial is not an organic pre-requisite

to the imposition of such imprisonment penalty. See 66 Fla. 378; 133 Ga. 797.

The present Charter of the City of Jacksonville confers upon the city power ''by ordinance to impose fines, forfeitures, sentences and terms of imprisonment for a breach of any of said ordinances, but no penalty shall exceed $500.00, and no term of imprisonment shall be for a longer term than three months for the same offensee.'' There is no conflicting charter provision modifying the charter power to impose ''*terms of imprisonment*'' for violating city ordinances; and in so far as Section 1839 Revised General Statutes limiting terms of imprisonment to 60 days is inconsistent with specific statutory charter provisions, the latter by the terms of the constitution, controls. See Sec. 24, Art. 3 Constitution. Thus there is an express provision in the charter statute for the imprisonment as a primary penalty prescribed in the ordinance. See Atkins v. Phillips, 26 Fla. 281, 8 South. Rep. 429; State *ex rel.* Salter v. McDonald, 121 Minn. 207, 141 N. W. Rep. 110; 2 Dillon on Municipal Corp. 625; 2 McQuillin on Municipal Corp. §715. The provisions of the charter act relative to imprisonment upon failure to pay fines imposed by the municipal court and to appellate procedure from fines imposed do not conflict with the specific charter power to impose ''*terms of imprisonment* for a breach of any ordinances of the city.'' See also Sec. 6156, Revised General Statutes, 1920, which in so far as it is not inconsistent with the charter act, is applicable under Section 24, Art. 3 of the constitution.

The ordinance provides that ''it shall be unlawful for any person or persons, while under the influence of intoxicating liquor, or while in an intoxicated condition, to drive or operate any automobile or motor vehicle over and upon the streets of the city of Jacksonville.''

It is in effect contended that the petitioner is denied due process of law because it is asserted that the ordinance does not fix an ascertainable standard of guilt and is not adequate to inform the accused "of the nature and cause of the accusation against him," citing United States v. L. Cohen Grocery Co., 255 U. S. 81. See also Weeds, Inc. v. United States, 255 U. S. 109, 41 Sup. Ct. Rep. 306.

While the mere provision making it a criminal offense "to exact excessive prices for any necessaries" or "to make any unjust or unreasonable rate or charge in handling or dealing in or with any necessaries," may properly be held to deny due process of law, in that the accused is not thereby sufficiently "informed of the nature and cause of the accusation" against him, because the definition of the crime "confines the subject-matter of the investigation which it authorizes to no element essentially lingering in the transaction as to which it provides" and "leaves open the widest conceivable inquiry the scope of which no one can foresee and the result of which no one can foreshadow or adquately guard against," (United States v. L. Cohen Grocery Co., supra), yet in this case the inquiry involved in a charge of a violation of the ordinance is a limited one. It may with reasonable certainty be ascertained by due course of municipal court inquiry whether the accused committed the offense of driving an automobile upon the streets of the city "while under the influence of intoxicating liquor," even though a question of degree be involved. Nash v. United States, 229 U. S. 373, text 377, 33 Sup. Ct. Rep. 780. See also Standard Oil Co. of New Jersey v. United States, 221 U. S. 1, 31 Sup. Ct. Rep. 502. The accused cannot be put to speculation or conjecture as to the offense defined in the ordinance. The definition of the offense fixes a reasonably ascertainable standard of guilt to be ascer-

VOL. 87, JANUARY TERM, 1924.    191

State ex rel. Sellers v. Parker—Opinion of Court.

tained by the ordinary processes used in such cases; and the ordinance does not deny to the petitioner any organic rights as asserted.  See State v. Smith, 29 R. I. 245, 69 Atl. Rep. 1061; State v. Goldstone, 144 Minn. 405, 175 N. W. Rep. 892; Smith v. State, 186 Ind. 252, 115 N. E. Rep. 943; Mulkern v. State, 176 Wis. 490, 187 N. W. Rep. 190; State v. Rogers, 91 N. J. L. 212, 102 Atl. Rep. 433; Berry on Automobiles (3rd ed.) 1585; Huddy on Automobiles (6th ed.) §772.

A similar definition of the offense is contained in Chapter 9269, Acts of 1923.

The legal meaning of the definition of the offenses contained in the ordinance, is not for decision in this proceeding on the record in this case.

Brede v. Powers, 263 U. S. 4, 44 Sup. Ct. Rep. 8, has no application here because the provision of the Fifth Amendment of the Federal Constitution on which the decision with reference to "infamous crime" is predicated, is not applicable to the State or its municipalities.

Section 10, Declaration of Rights of the State Constitution requiring trial on indictment relates to "capital crime or other felony." The offense here is not a felony.

The ordinance here considered does not authorize imprisonment, imposed by the municipal court to be in the county prison or chain gang, and the sentence of imprisonment in this case is to the city prison farm and not to the county chain gang as in Pearson v. Wimbish, 124 Ga. 454, 52 S. E. Rep. 751, where the petitioner was remanded to the municipal court for a proper sentence.

The sentence here is not to cruel or unusual imprisonment.  See Kinkaid v. Jackson, 66 Fla. 378, 63 South. Rep. 706.

Imprisonment within legal authority is not made cruel or unusual by the nature of the trial, whether by jury or summarily by a judge when so authorized by law; and when the term of imprisonment for violating a city ordinance is similar to that imposed under the law for violating a statute, and the term and nature of the imprisonment are appropriate to suitably and reasonably punish for the offense committed in view of its nature and enormity, it cannot be said that the punishment is cruel or unusual within the meaning of the constitutional inhibition. Where the penalty as imposed is legal, if there is an unlawful enforcement or execution of the penalty that amounts to cruel or unusual punishment or to other violations of the rights of the person upon whom a legal sentence has been imposed, the law affords appropriate relief and redress. The offense defined by the ordinance relates to the operation of an instrumentality that may be peculiarly dangerous in its use, and the ordinance affects the peace, safety and welfare of persons on the streets of the city, which is a proper subject of municipal regulation even to the extent of imposing imprisonment in the city prisons as authorized by the charter statute, for violations of duly prescribed regulations in the interest of the public safety.

The mere fact that under the ordinance the municipal judge may impose a longer term of imprisonment on some offenders than on others within the limits fixed by the ordinance, does not affect the validity of the ordinance or the sentence in this case which is the minimum term of imprisonment. See 23 Fla. 281.

The laws of the State do not require the judge of a municipal court to be an attorney at law; and if the judge

of such court is not an attorney at law, his official acts as such judge are not thereby rendered illegal.

Affirmed.

WEST and TERRELL, J. J., concur.

TAYLOR, C. J., and ELLIS, J., concur in the opinion.

BROWNE, J., dissents.