STURGIS, WALLACE E., Associate Judge.
Two appeals involving the above estate are consolidated for review. Both were sued out by Herbert DuVal, Jr., the son and original executor of the last will and testament of Lavenia Buckley DuVal, deceased. He died pending the appeals and is succeeded by his son, the present appellant, Herbert DuVal, III, as administrator of the estate and will of said decedent. The appeals seek reversal of two orders of the County Judge’s Court of Sarasota County, Florida, hereinafter referred to as the “probate court,” entered March 17 and April 14, 1964, respectively, in connection with a petition of the appellees to be awarded a fee for legal services rendered to the original legal representative of said estate and to be reimbursed for moneys laid out for costs and expenses incident to the administration thereof. The appeal from the order of April 14, 1964, was taken to the Supreme Court of Florida and transferred by that court to this court for disposition.
The material transactions took place during the executorship of Herbert DuVal, Jr., and unless otherwise indicated the term “appellant” as used herein refers to said *582 person in his said representative capacity. The conclusions and directives of this decision apply, of course, to his successor.
Appellant assigns error on 38 grounds and states the points of law involved by this appeal substantially as follows:
I. Whether the probate court erred in refusing to transfer appellees’ petition for attorney’s fees in decedent’s estate and for reimbursement of costs advanced therein, together with appellant’s responses thereto, to the circuit court for jury trial as an action at law of the issues made by said petition and appellant’s so-called “counterclaims” incorporated in his “Responses” thereto.
II. Whether the probate court had jurisdiction to hear and adjudicate, over the demand of the appellant for trial by jury in the circuit court, an alleged dispute over the question of whether certain stock certificates inventoried and appraised as assets of the probate estate were in fact part thereof.
III. Whether the probate court failed to acco.rd to appellant “due process of law and a fair trial.”
IV. Whether the evidence was sufficient to support the award of attorney’s fees and costs to appellees as made by the appealed order of April 14, 1964.
The orders appealed stem from an effort on the part of appellees to obtain compensation for legal services rendered and moneys laid out by them on behalf of the estate of the decedent and countering efforts of the appellant (a) to preclude the probate court from adjudicating the matters presented by appellees’ petition, (b) to have the inventory and appraisal of the estate revised downward on the theory that by so doing there would be a corresponding reduction in the fee allowable for appellees’ legal services; (c) to assert against the appellees, as an incident to any hearing on said petition, a so-called “counterclaim” of the appellant; and (d) to procure a trial by jury in the probate court of the issues made by the petition and “counterclaim” or, in the. alternative, to have said petition and “counterclaim” transferred to the circuit court for trial by jury as an action at law.
By order of March 17, 1964, the judge of the probate court disposed of sundry pending motions, settled certain procedural aspects, and scheduled appellees’ petition to be finally heard before him, without jury, on March 27, 1964. Consequent upon that hearing, the probate court entered the order of April 14, 1964, awarding appellees $9,500.00 for their ordinary services in said estate, $1000.00 for their extraordinary services therein, and $191.67 for costs advanced therein for the account of appellant.
Before stating the points of law involved and discussing the applicable law, we deem it expedient to review the factual background in greater detail than would ordinarily be the case, especially the pleadings and procedures below. The appellant has seriously impugned the professional integrity of appellees who, like his own counsel here advocating his cause, as officers of the court are charged with the duty of maintaining the good repute of their brothers, consistent always with their corresponding duty to fairly, courteously, and justly present their clients’ fairly debatable legal rights. Lest the reader lay this extensive opinion aside at this point, we hasten to say that the record herein utterly fails to support any claim or inference that appellees have failed or neglected to perform their professional duties in full compliance with the law and Canons of Ethics.
It is not contradicted that appellees represented appellant in all matters pertaining to the estate from the time decedent’s will was filed for probate in November of 1962 until the appellant on November 5, 1963, informed the probate court that appellees were discharged. This act followed shortly after an exchange of correspondence between appellant and appellees in the course of which appellant expressed dissatisfaction with appellees’ services and advised he would not agree to any fee for their services exceeding $2,500.00, payable “after *583 completing transferring of Mother’s [decedent’s] estate to my name.” Appellees countered with an offer to accept $6,500.00 in settlement thereof and hearing nothing further, on December 2, 1963, petitioned the probate court to award an amount to be paid by appellant for their legal services in the estate and to order appellant to reimburse them for costs advanced in his behalf.
On December 16, 1963, the probate court entered an order, later vacated, permitting appellees to withdraw as attorneys for appellant, and awarded an amount to be paid by appellant for their prior attorney’s fees and costs. Appellant did not pay same and on January 8, 1964, appellees petitioned the court to remove him as executor. On January 16, 1964, appellees filed a suggestion to the effect that appellant had not paid their said claim, that he was attempting to transfer certain stocks of the estate, that he had removed all estate cash from a local bank, that he had removed from the jurisdiction of the court all assets of the estate except real property, that he was absent from and not a resident of this state, and that the fees and costs awarded them were wholly unsecured; and the probate court forthwith entered an order requiring appellant to within five days post a $10,000.00 bond as executor. On January 20, 1964, appellant petitioned the court to require appel-lees to show cause why said order should not be vacated and moved the court to stay all pending matters for at least fifteen days in order for appellant to consult with his attorney as to his rights and duties.
On January 23, 1964, appellees noticed the appellant for a hearing in the probate court on January 31, 1964, to dispose of (a) the aforesaid petition of the appellant, (b) the pending petition of the appellees for fees and costs, and (c) the suggestion of appellees that appellant be required to file a bond as required by the order of the court, failing which to remove him as executor and appoint a proper person in his place. On January 24, 1964, appellant filed sundry objections to the hearing as noticed, and on January 28, 1964, addressed sundry interrogatories to the appellees.
We pause here to observe that said interrogatories were at best nothing more than a fishing excursion, irrelevant and immaterial in most particulars, and of such a tedious and vexatious nature as to bear the earmarks of being in furtherance of what by now may be characterized as a highly dilatory effort on the part of appellant to frustrate the prompt and orderly disposition of appellees’ pivotal petition. The trial judge concluded and we agree that discovery procedures as here employed were not available to appellant. They sought to require appellees to disclose: (a) the details of all agreements between appellant and appellees touching upon the amount of fees and time of payment for legal services incident to the estate (a matter as well within the knowledge of appellant as of appellees) ; (b) the location and custodian of any time slips or time records kept by appellees incident to the legal services rendered; (c) the details of all professional services rendered in the estate, naming the attorney who performed the particular service, the dates the same were performed, the time spent on each date, and the compensation claimed as to each date; (d) any extraordinary service rendered and the fees claimed therefor; (e) minute data as to transactions incident to the entry of the order dated December 16, 1963, which had long since been vacated, thus rendering the subject of said interrogatory moot; (f) whether appellees would seek to be compensated according to a minimum fee schedule of the bar, what percentages or formula would be used, what value appel-lees would assign to the probate estate in seeking their fees, and what percentage of administration of the estate they claimed was completed by their efforts prior to filing their petition; (g) matters concerning the notice, if any, that was given appellant of the hearing resulting in the mentioned order that was later vacated; (h) matters concerning the notice given to appellant with respect to the hearing that resulted *584 in the order of January 16, 1964, requiring appellant to post bond as executor; (i) whether the federal estate tax had been paid and what unpaid claims existed against the estate; (j) whether appellees claimed that appellant owed them any sum for professional services other than for matters involved in the estate; (k) what information appellees had as to the transfer of stocks or other securities by the decedent within thirty days prior to her death; (1) the details of all steps taken by appellant, or which he failed to take, subsequent to November 5, 1963, in impairment of appel-lees’ claim and as cause for the attempt to remove him as executor; (m) the names and addresses of their “expert witnesses” and other persons known or believed to have knowledge or information relevant to the facts concerning their petition for allowance of attorney’s fees. In due course appellees filed objections to said interrogatories.
By an order signed January 21, 1964, filed January 28, 1964, the court required appellant to file a $10,000.00 bond on or before January 31, 1964, conditioned to pay any court costs and attorney’s fees which might be awarded to appellees, and it was provided thereby that upon such bond being posted, a further order would be entered vacating the aforesaid orders of December 16, 1963, and January 16, 1964, consisting, respectively, of the order first awarding a fee to appellees pursuant to their petition, and the order requiring appellant to post a bond as executor. Said order of January 21, 1964, also set appel-lees’ petition to be finally heard on January 31, 1964, including the taking of testimony. Appellant filed bond as called for by said order and on January 29, 1964, an order was entered vacating the prior orders as indicated.
On January 29, 1964, appellant filed motions to dismiss appellees’ petition for attorney’s fees, etc., to strike certain portions of the petition, and for a “pre-trial conference,” and incorporated therein a pleading entitled “Demand for Jury Trial and Petition.” By the latter pleading appellant asserted that he was advised appellees intended to ask for reasonable attorney’s fees, based on the assets and increments to the estate, and including extraordinary services rendered; asserted that appellant objected to the payment of said fees; alleged that the fees sought appeared to be in excess of $10,000.00; and stated his intention to contest the nature and extent of the services rendered by appellees, the reasonable value thereof to the estate, the customary charges for such services, the value of the probate estate involved, “and other matters of mitigation and defense.” Appellant thereupon demanded a trial by jury in respect to appellees’ claim under said petition and the matters of mitigation and defense thereto asserted by said pleading, which further alleged that the County Judge’s Court lacked jurisdiction in the premises and that the subject was within the jurisdiction of the circuit court; and appellant thereupon moved the probate court to abate all proceedings therein and allow appellees to proceed in such court as they might be advised “having jurisdiction of the amount in controversy and in which a trial by jury is available” to appellant.
On January 31, 1964 (the date appellees’ petition had been scheduled to be heard on its merits and the proofs), appellant served notice that on January 30, 1964, he had removed said cause to the District Court of the United States for the Middle District of Florida, Tampa Division, pursuant to Title 28 United States Code, Section 1446. The probate court and appellees were prohibited from proceeding with ap-pellees’ petition and the hearing thereon that had been scheduled in the probate court for January 31, 1964. On February 26, 1964, the federal court refused to accept jurisdiction and remanded the cause to the probate court.
On March 2, 1964, appellant filed in the probate court a motion to certify certain questions and propositions of law to this *585 court under Rule 4.6, Florida Appellate Rules, 31 F.S.A., for instruction.
On March 11, 1964, the probate court heard all undisposed of matters except for the taking' of testimony and final hearing on appellees’ petition, and on March 17, 1964, entered the first order appealed, disposing of said matters as follows:
(1) Held that since the hearing scheduled for January 31, 1964, was not held, it was not necessary to act on appellant’s objections to said hearing.
(2) Denied appellant’s said motion to certify certain questions to this court under Florida Appellate Rule 4.6.
(3) Appellant’s motions to dismiss, for a more definite statement, and to strike, addressed to appellees’ petition, were severally denied.
(4) Appellant’s motion for “pre-trial conference” on said petition was denied.
(5) Appellant’s petition for trial by jury of appellees’ petition, etc., to stay the «proceedings, and for other relief, as contained in his aforesaid pleading filed January 29, 1964, was denied.
(6) Held that the proceeding on appel-lees’ petition for attorney’s fees does not entitle appellant to the discovery procedures provided by the 1954 Rules of Civil Procedure, and that appellees were therefore not required to answer appellant’s interrogatories.
(7) Held that it was not necessary for appellant to file an answer or response to appellees’ petition but that he might do so if he so desired.
(8) Appellees’ petition was set for the taking of testimony and final hearing at 9:00 a. m. on March 27, 1964.
On the day before the hearing appellant filed an objection to appellees’ petition on the ground “that the said claim is insufficient and is unfounded, either in law or in fact, or both,” and also filed a pleading captioned “Responses,” to the following e7ect:
(1) That the probate court lacked jurisdiction over the subject matter of appellees’ petition and the controversy respecting same.
(2) That appellees’ petition failed to state a cause of action.
(3) Traversed the first, second and fourth paragraphs of appellees’ petition wherein it is alleged that appellees were employed by the appellant executor to handle all legal matters pertaining to the probate of decedent’s will and the administration of her estate, that they rendered the customary services as attorneys in the premises and were entitled to reasonable compensation therefor, and also to be reimbursed for certain court costs advanced in the administration of said estate. Ap-pellees also alleged that differences had arisen rendering further representation of appellant impossible and expressed their desire to be permitted to withdraw as his attorneys, and the appellant responded by asserting that said matter was moot in that the attorney-client relationship ended ir August 1963, and alleged that appellees were negligent in not informing appellant they were no longer acting as his attorneys and in not filing the subject petition until approximately one month after appellant notified the probate court that appellees were discharged. This phase of the response fails, however, to assert any injury to appellant or the estate as a result of the alleged negligence, assuming arguendo that said acts constitute negligence.
(4) Appellant moved the court to summarily enter judgment against appellees and dismiss their petition on the ground that it fails to state a cause of action.
(5) As a “Fifth Response” appellant asserted so-called mattei of “defense, set-off, mitigation and/or counterclaims” against the appellees, consisting in the main of generalities charging: (a) that many services rendered by appellees did *586 not benefit the estate; (b) that many of such services were detrimental to the estate; (c) that many of such services were performed in a careless, negligent and unsatisfactory manner; (d) that appellees negligently or carelessly failed to perform necessary legal services, although requested by appellant (the particulars of which are not disclosed), resulting in detriment and damage to the estate; (e) that the value of the probate assets of the estate was approximately $94,046.39 an of the date of death of the testatrix; (f) that an inventory and appraisal filed in said estate by appellant is untrue and incorrect “in several respects, as was or should have been known” to appellees, who obtained appellant’s signature thereon, in that certain items of personal property included in said inventory and appraisal were in fact owned by the appellant individually and were not, therefore, a part of decedent’s estate, and that the probate court lacked jurisdiction to exercise dominion or control over said property or to determine any controversy touching upon the ownership and title thereof; (g) that appellees had not rendered a billing or statement for the legal services allegedly rendered, or furnished schedules of the legal services allegedly rendered; (h) that the appellees carelessly or negligently caused the court to enter the aforesaid order of December 16, 1963, purportedly awarding attorney’s fees on the basis of their petition, which order was later vacated, and that appellant was thereby required to retain counsel and spend large sums of money to have said order vacated; (i) that appellees thereafter unlawfully caused a lien to be placed against the title of appellant and the estate to certain real property in Sarasota County, Florida, and after demand failed to remove the same, which lien depreciated the value of the property and contributed to appellant’s inability to lease or sell the same; (j) that appellees “carelessly or negligently or unlawfully” caused the probate court to enter an order calling for a hearing to be held on the same date as the notice to dispose of appellees’ petition for removal of appellant as executor, and that as a result thereof it was necessary for appellant to retain legal counsel and spend large sums of money to defend against said petition; and finally (k) that appellees “carelessly or negligently or unlawfully” hied in the probate court a “Suggestion” relating to appellant’s executorship, resulting in an order requiring appellant to post a surety bond within five days or suffer revocation of his letters testamentary, and that as a result thereof appellant was required to retain legal counsel and spend large sums of money to have said order vacated. On the basis of said “Responses” appellant claimed damages against appellees in a sum in excess of $500.00, together with interest and costs, and demanded a transfer of ap-pellees’ petition for attorney’s fees and costs and appellant’s “Responses” thereto, including the so-called “counterclaim,” to the Circuit Court of Sarasota County, Florida, at law, for trial by jury.
It appears that when on March 27, 1964, the day following the filing of said “Responses,” the cause came on to be heard upon the pleadings and proofs, and extensive colloquy first took place between counsel and the trial judge concerning the status of the cause and the procedure to be followed at the hearing. Indeed, the first 83 pages of a transcript of the proceedings and testimony before the probate court at hearings of March 15 and 27, 1964, are devoted to a rehash of matters produced by said “Responses” and which, in fact, had been disposed of by the within mentioned order of March 17, 1964, which was essentially adhered to.
Upon tracing the divers steps taken . by appellant in the pi'obate court, the conclusion is inescapable that the ap-pellees were thereby required to devote extraordinary services in and about this proceeding in order to protect their interest against appellant’s assault. The presumption abides that it was the decedent’s intent that his estate shall be administered according to law and its lawful obligations, *587 including expenses of administration, shall be promptly discharged when due; and this contemplates that those performing services on behalf of the estate will not be put to unnecessary expense and labor in order to be compensated therefor. The principle is well established that persons who successfully maintain legal proceedings to require a recalcitrant legal representative to perform his duties in that behalf do thereby perform a valuable service to the estate, and that the reasonable expenses incurred, including attorney’s fees in the premises, are payable by the estate. In re Barret’s Estate, 137 So.2d 587, Fla.App. 1st 1962; Johnson v. Burleson, 61 So.2d 170, Fla.1952. Cf. In re Blankership’s Estate, 136 So.2d 21, Fla.App.2d 1961; In re Farris’ Estate, 113 So.2d 721, Fla.App. 3rd 1959; In re Gleason’s Estate, 74 So.2d 360, Fla.1954.
There can be no question of the right and duty of the legal representative of an estate to fairly and vigorously perform his duties, no less against an excessive award of attorney’s fees than, for example, against an excessive demand for or excessive award of fees for the services of other representatives of a decedent’s estate, such as an executor or administrator. It is a matter of common knowledge, however, that in the administration of many estates the hired attorney not only renders all the legal services entailed but also performs the major details of the work and functions properly belonging to the executor or administrator and for which the latter is usually compensated without question to the hilt of the amount allowable by law, and which he usually insists upon and accepts as if he had hoed every weed and turned every row. And all too often the attorney is unwittingly confronted with an .unctuous attitude on the part of professional administrators and and executors who make a great pretense of service to the estate by taking exception to the amount of the fee allowable as reasonable compensation for the services of the attorney while being careful to insist on the last ounce of flesh so far as their own fees are concerned.
It would serve no useful purpose to detail the evidence before the probate court on appellees’ petition. Suffice it to say that the testimony of the expert witnesses, coupled with 'the judicial notice the trial judge was entitled to take as to the overall character of the subject estate, the administration had thereon, the ordinary services required of and work done by appellees in the estate as attorneys for appellant, and the extraordinary services required of them in consequence of the nature of appellant’s steps in resisting appellees’ petition for compensation, affords a proper and adequate basis for the award of attorney’s fees and court costs to appellees as provided by the order of April 14, 1964. Implicit in said order, especially in the light of the proofs, is the proposition that appellant failed to establish, as affirmatively alleged by" his “Responses” to the petition, that the fee ordinarily allowable to appellees should be reduced in any amount because of acts of omission or commission in the performance of their legal services to the estate, or otherwise. Indeed, the record fails to reveal that appellant made any serious effort by competent proofs to sustain such allegations.

Appellant’s Point I.

We find no merit to appellant’s contention that he was entitled to have appellees’ petition and his responses thereto transferred from the County Judge’s Court to the circuit court, at law, for trial by jury of the question of (a) whether appellees were entitled to a fee in the premises and, if so, the amount thereof, or (b), in the alternative, whether decedent’s estate was entitled, on the basis of the so-called “counterclaim,” to a money judgment against appellees.
Article V, Section 7(3), Constitution of Florida, F.S.A., vests the County Judge’s Courts with jurisdiction, inter alia, to settle the estates of decedents and minors, to take probate of wills, to grant letters testamentary and of administration and *588 guardianship, and to discharge the duties usually pertaining to courts of probate. Similar jurisdiction is not expressly or impliedly vested in any other court, hence the jurisdiction of the County Judge’s Court is to the extent stated exclusive in nature.
Section 734.01(2), Florida Statutes, F.S.A., provides that an attorney who has rendered services of the nature here involved may apply to the court by petition, as done here, for an order making an allowance for attorney’s fees, and the court, after notice to persons adversely affected, is required to enter an appropriate order thereon. Said statute is limited in its application to the situation existing on July 4, 1776, in England (see State ex rel. Sellars v. Parker, 1924, 87 Fla. 181, 100 So. 260; Section 2.01, Florida Statutes, F.S.A.), on which date probate jurisdiction in England was vested in the Courts of Ordinaiy, with some chancery jurisdiction not relevant to this appeal. Originally said Courts of Ordinary were presided over by the Bishop of the Diocese exercising his customary or “ordinary” jurisdiction, but later such jurisdiction was vested in lesser church offices and following separation of the churches of Rome and England, passed into lay hands as an incident of tenure. Florida’s first probate courts were similarly named. The right to a jury trial did not exist in the ecclesiastical courts and independent of statute has not existed in other courts exercising the usual powers of Courts of Ordinary. Statutes governing probate matters and which do not provide a jury trial violate no rights secured or continued by the state or federal constitutions and are in full accord with the spirit of those instruments. See Lavey v. Doig, 1889, 25 Fla. 611, 6 So. 259. The award of a reasonable attorney’s fee under F.S. 734.01(2), F.S.A. is part of the “settlement of the estates of decedents” as to which the County Judge’s Courts have long had exclusive jurisdiction under constitutional authority, as implemented by the 1933 Probate Act and amendments thereto. In Lavey v. Doig, supra, the Florida Supreme Court discussed the third section of the Bill of Rights of the 1868 Constitution of Florida, as is carried forward as Section 3, Declaration of Rights, 1885 Constitution of Florida, as amended, and provides that “The right of trial by jury shall be secured to all and remain inviolate forever,” and said:
“The effect * * * of this section of the bill of rights was of course not to extend the right of jury trial to any case in which it did not obtain before the adoption of the organic law, of which it was a part.”
In the instant case the probate court correctly held, in effect, that the appellant would not be permitted, by the device of a so-called “counterclaim” to appellees’ petition, to require it to relinquish jurisdiction and transfer the petition to the circuit court, or to have a trial by jury in the County Judge’s Court of the issue sought to be injected by that pleading.

Appellant’s Point II.

Appellant’s Point II poses the question of whether the County Judge’s Court had jurisdiction to hear and adjudicate an alleged dispute over whether certain stock certificates were or were not assets of the probate estate. It is well settled in this jurisdiction that the County Judge’s Court lacks jurisdiction to determine title to assets, but such was neither attempted nor done in this case. There was no competent issue in this proceeding as to the title to property. The value of the probate estate is only one of the factors to be considered in awarding attorney’s fees pursuant to F.S. 734.01(2), F.S.A. It is not necessary to labor the proposition that the appellant, after discontinuing appellees’ services in the estate, filed an amended inventory therein which, if correct, would operate to substantially reduce the value of the probate estate as compared to the prior inventory and appraisal filed by appellant, and that appellant submitted the same to the probate court as a basis for reducing the fees allowable for the services of appellees. *589 We assume the trial judge took this circumstance fully into account upon entering the order appealed and it is not demonstrated that error exists, even if it he assumed that the revised appraisal should apply.

Appellant’s Point III.

Appellant’s Point III challenges the orders appealed on the ground that appellant was denied due process of law and a fair trial. The last premise of this contention is rejected as being totally unwarranted in point of fact and untenable in point of law, and the first premise is equally without merit. A careful review of the record on appeal compels the conclusion that the County Judge, in the climate of this hotly contested and at times acrimonious controversy involving an unusually prolix series of maneuvers and debates touching upon the simple question of whether appel-lees were entitled to an attorney’s fee, and if so, the amount thereof, demeaned himself with rare judicial restraint, extended to counsel for appellant every courtesy and right consistent with the applicable rules of law and procedure, and in the face of repeated obstacles interposed by appellant’s counsel against the prompt disposition of the matter at hand afforded him a full opportunity to exhaust every legal avenue available to the end that all matters germane to the controversy might be properly presented and adjudicated in accordance with recognized legal principles.

Appellant’s Point IV.

Appellant’s Point IV, challenging the sufficiency of the evidence to support the order of April 14, 1964, is without merit.
This court is not unmindful of the heavy responsibility and substantial power vested in County Judge’s Courts to administer upon and settle estates of decedents fairly and expeditiously, and with a modicum of expense commensurate with the nature of the estate and the work entailed in administering thereon and distributing the assets. And we recognize that as a general rule the larger the estate the greater the amount of legal services required in the administration thereof. The County Judge, by reason of his supervision over and close contact with each estate probated in his court, and because of his general familiarity with similar matters acquired in the day-to-day performance of his official duties, is peculiarly qualified, as the statute implies, to pass upon the value of the services rendered by the attorney to the legal representative and to the estate. The statute impliedly recognizes that the attorney performs a necessary beneficial service to the estate, for which he is entitled to be compensated as a preferred creditor. It would be unduly vexatious, expensive to the estate, and to no substantial avail, to require the attorney as a condition prior to hearing on the matter of the amount of reasonable compensation to be allowed for his services, to file in the estate extensive schedules, answers to interrogatories of a general character as addressed in this cause, and otherwise “discover” to the legal representative by whom he is employed and whose duties are such that he is presumed to be quite familiar with the estate and administration thereon, minute details of what the attorney was called on to do and has done by way of ordinary legal services to the estate. Such matters are generally within the knowledge of the County Judge and when advised, in the course of any hearing that he may hold upon the petition for attorney’s fees and by matters of which he has judicial notice, of the general nature and character of the services rendered in the particular estate, and as in this case given the benefit of expert evidence as to the value of such services, his conclusion will not be disturbed in the absence of a clear showing of abuse of judicial power. The instant appeals fail to demonstrate error.
Accordingly, the orders appealed are affirmed and this cause is remanded for further proceedings consistent herewith.
ALLEN, Acting C. J., and ANDREWS, J., concur.