## CITY OF FORT LAUDERDALE v. KING.
### No. 67-5275.
Circuit Court, Broward County, Criminal Appeal.

February 20, 1968.

Sandstrom & Hodge, Fort Lauderdale, for the appellant.

Dean Andrews, Ronald B. Sladon, Elwood Obrig and E. Clay Shaw, Jr., all of Fort Lauderdale, for the appellee.

RICHARD M. SAULS, Circuit Judge.

The appellant, Marie Allyn King, brings her appeal from two judgments and sentences of the municipal court of the city of Fort Lauderdale which adjudged her guilty of offenses against sections of the code of ordinances of the city, and fined her $100 on one adjudication, and $250 and five days in the city jail on the other. It is noted that the order of adjudication is incomplete and that this court had to resort to the record (pp. 43-44) to determine the trial court's complete sentence.

The court has examined the transcript, record, and briefs in this cause, and has determined that only one question raised by the appellant requires consideration. The sole question to be discussed here is — *May the municipal court of the city of Fort Lauderdale impose a fine* and *a compulsory jail sentence for a violation of a city ordinance?* The court has determined the answer to this question to be in the negative for the reasons hereinafter stated.

The appellant contends that a fine *and* a compulsory jail sentence collides with the prohibition against involuntary servitude contained in the thirteenth amendment to the federal constitution and article III, section 20, of the Florida constitution, and section 19 of the declaration of rights thereof.

The city relies upon its charter for the authority of the municipal court to impose both fine and compulsory jail sentence, specifically, City Charter, section "qq.", which, inter alia, provides —

> . . . by fines not exceeding Five Hundred Dollars ($500.00) or imprisonment for a term not exceeding ninety (90) days, or both. (Chap. 57, 1322, Sec. 1522; Ch. 59-1281, Section 4; Laws of Florida, Special Acts 1957; 1959.)

and attempts to fortify its charter provisions by the holding of the Supreme Court in Sellers v. Parker, 100 So. 260 (1924).

The court has examined the holding of the Supreme Court in the Sellers case, and has concluded that the exact question under consideration here was not raised in that matter. That case limited its discussion to the right of trial by a jury in municipal courts, and only indirectly discussed the question before the undersigned.

This court finds it most difficult to reconcile the Supreme Court's conclusion that a fine and a mandatory jail sentence does not conflict with the thirteenth amendment to the federal constitution and the prohibition of section 19 of the declaration of rights of the Florida constitution.

Amendment XIII of the federal constitution provides —

Section 1. Neither slavery nor involuntary servitude, except as punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction.

Section 19 of the declaration of rights of the state constitution states —

Neither slavery nor involuntary servitude, except as punishment for crime, whereof the party has been duly convicted, shall ever be allowed in this state.

Municipalities are the product of the legislature and, strictly speaking, are not political subdivisions of the state as are counties.

The city's powers are found in its charter, and the legislature cannot grant to the cities more power than that which can be exercised by the state.

Article III, section 20, of the state constitution prohibits the legislature from performing certain specified acts, among which is a prohibition against local bills — "for the punishment of crime or misdemeanor."

The Supreme Court, subsequent to its announcement in Sellers v. Parker, supra, had the occasion to discuss the effect of a violation of a city ordinance in Roe v. State, 119 So. 118 (1928), and specifically held —

Conviction in a city court of a violation of a municipal ordinance does not amount to a conviction of a crime — within the meaning of a statute affecting the credibility of a witness. If offenses against municipal ordinances which are purely local in their territorial operation and effect should be held to constitute crimes, there would be no uniformity in the criminal laws of the state, and the intent of the constitutional provision would be defeated. But as offenses against municipal ordinances providing penalties for certain acts in violation thereof are neither crimes nor misdemeanors, strictly speaking, within the meaning of the constitutional provision, or Section 27.06 . . .

and the court further said —

> The general rule that a conviction for the violation of a municipal ordinance does not constitute such a conviction as is admissible upon the question of the credibility of a witness may well be applied in construing Section 27.06, Rev. Gen. Stats. (Sec. 4373, Comp. Gen. Laws of 1927), not only for the reasons above stated, but for the further reason that our decisions recognize that there are essential differences between state laws and municipal ordinances. See, for instance, Wallace v. State, 41 Fla. 547, 584, 26 So. 713. The holding is in harmony with Section 20 of Article 3 of the Constitution, which says that the legislature shall not pass any local law for the punishment of crime or misdemeanor.

Our courts of appeal have attempted to justify their conclusion based on historical factors that existed under the English common law prior to our independence; however, this author has concluded that the adoption of our federal constitution and the amendments thereto as well as our state constitution, has modified the common law, or has impliedly done so.

Our attention has been directed to the holding of a sister state where its court of last resort met the problem at hand squarely and said —

> City ordinance insofar as it provided for imprisonment as a penalty for violation thereof otherwise than merely an alternative device in the event of failure to pay fine in order to enforce collection thereof was void as constituting an attempt by municipality to create a crime . . . State v. Lucas, 29 N.W.2d 73.

and in a further case that court said —

> We have said that the penalty of imprisonment, except as an alternative of non-payment of a fine, could not be imposed except as a punishment for crime; that municipalities could not punish for crime. City of Racine v. Woiteshek, 29 N.W.2d 752.

We find in *Courts*, 8 Fla. Jur., §20, p. 290, a discussion of the limitation on the power of the legislature in granting charter powers to cities and towns —

> The constitution authorizes the legislature to establish courts for the punishment of offenses against municipal ordinances in incorporated towns and cities . . . These courts are established solely to punish offenses against municipal ordinances.

and it is further stated —

> The jurisdiction of municipal courts is limited by the constitution to the punishment of offenses against municipal ordinances. *Courts*, 8 Fla. Jur., §65, p. 334.

We further find —

In a jurisdiction wherein a municipality may not create a crime, an ordinance, insofar as it provides for imprisonment as a penalty for a violation thereof, otherwise than to enforce collection of a fine, is void as an attempt by the municipality to create a crime.

Imprisonment for non-payment of a fine is not both a fine and imprisonment for the offense, since the imprisonment for the offense is merely to enforce the collection of the fine and not punish for the offense. *Municipal Corporations,* 62. C.J.S., §179, b., p. 337.

As late as 1960 our Supreme Court said —

We have also held that if offenses against municipal ordinances, which are local in their territorial operation and effect, are held to constitute crimes, there would be no uniformity in the criminal laws of the state. This is further augmented by the many decisions holding that violations of local laws, ordinances, and regulations do not constitute crimes. Boyd v. Dade County, 123 So.2d 323 (1960).

No better statement can be made as to the intent and purpose of the thirteenth amendment than was said by a federal district court judge for the Northern District of Florida, who stated —

This amendment denounces a status or condition irrespective of the manner or authority by which it is created. It forbids slavery and involuntary servitude wherever or however attempted within the jurisdictional limit of the National Government, whether created by contract, by criminal individual force, by municipal ordinance, or by state law, and in whatever form, or however named. It operates directly on every citizen of the republic, regardless of his position, occupation or influence, or the location of his residence. In re Peonage Charge, District Court N.D. of Florida, (1905) 138 Fed. 686.

If the violation of a city ordinance is a mere offense, it is impossible to reconcile the logic that a mandatory jail sentence by a municipal court does not collide with the state and federal constitutional prohibitions as herein discussed, except as an alternative for the non-payment of a fine.

Accordingly, it is ordered and adjudged as follows —

(1) That that portion of the city charter set out in section "qq", as mentioned above, which provides for both a fine and mandatory jail sentence for the conviction of a violation of an ordinance of the city of Fort Lauderdale, is hereby declared to be in violation of the state and federal constitutions, specifically, section 19 of the declaration of rights of the state constitution, and section 20 of article III thereof, and the thirteenth amendment to the federal constitution.

(2) That the portion of the judgment and the sentence of the municipal court of the city of Fort Lauderdale, dated

August 18, 1967, which imposed a mandatory jail sentence of five days, is hereby stricken.

(3) That in all other respects the judgments and sentences appealed here are affirmed.