**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**

**v.**

**WALSTON TONGE, Defendant**

Crim. No. 756/1995

Territorial Court of the Virgin Islands

Div. Of St. Croix

April 17, 1996

LEONARD S. GELDON, ESQ., Assistant Attorney General, Office of the Attorney General, Department of Justice, Christiansted, St. Croix U.S.V.I., *for Plaintiff*

KAREN L. BENOIT, ESQ., Assistant Public Defender, Office of the Territorial Public Defender, Kingshill, St. Croix, U.S.V.I., *for Defendant*

ROSS, *Judge*

## MEMORANDUM OPINION and ORDER

THIS MATTER is before the court on Defendant's motion to dismiss Count I of the complaint herein. On September 30, 1995, defendant was arrested and charged with, *inter alia*, operating a motor vehicle upon a public highway in the territory of the Virgin Islands while under the influence of an intoxicating liquor in violation of the laws of the Virgin Islands. As grounds for the motion, defendant argues that Title 20 § 493(a)(1) of the Virgin Islands Code which proscribes "driving under the influence of an intoxicating liquor" is unconstitutionally void for vagueness. For the reasons hereinafter stated, the court holds that Title 20 § 493(a)(1) of the Virgin Islands Code is constitutionally sound and defendant's motion will accordingly be denied.

## LEGAL STANDARD:

■ A statute may be struck down for being unconstitutionally vague when it sanctions conduct without giving the citizens fair notice of such prohibition, or infringes on constitutionally protected rights. *Commonwealth v. Mikulan*, 504 Pa. 244, 470 A.2d 1339 (1983). Certain principles are invoked when considering a statute challenged as unconstitutional. The challenger of a legislative enactment carries a heavy burden of persuasion as there exists a strong presumption of constitutionality. *Commonwealth v. Mikulan* at 1340, and all doubts must be resolved in favor of a statute's validity. Before a statute may be invalidated, it must clearly appear that the enactment violates the constitution. *State v. Lackey*, 232 Kan 479-80 657 P.2d 40 (1983). Assuming the enactment implicates no constitutionally protected conduct, the Court should uphold the challenge only if the statute creating a penal offense is impermissively vague, *Valley of Hoffman Estates v. Flipside*, 102 S.Ct. 1186, 455 U.S. 489, 71 L. Ed. 2d 362 (1989), *Commonwealth v. Kohn*, 532 Pa. 152, 615 A.2d 308 (1992), that ordinary people cannot

understand what conduct is permitted and what is prohibited. *Connally v. General Construction Company*, 269 US. 285, 391, 70 L. Ed. 322, 46 S. Ct. 126 (1926); *Fleming v. U.S. Dept. of Agriculture*, 713 F.2d 179 (C.A. 6th 1983); *Government v. John*, Crim. No. F 322/1994 Terr. Ct. St. T. & St. J. Ergo, a statute must be sufficiently definite to meet constitutional due process standards. It must not be so vague as to leave the public uncertain as to its meaning. *Grambo v. Loomis Cycle Sels, Inc.*, 404 F. Supp. 1073 (D.C. Ind. 1983).

■ ■ The test to determine whether a criminal statute is unconstitutionally vague is whether the language of the statute conveys a sufficiently definite warning as to the conduct pro-scribed when measured by common understanding and practice. *State v. Lackey*, at 480. The prohibited act may be characterized by a general term without definition if that term has a settled and commonly understood meaning which does not leave a person of ordinary intelligence in doubt. In other words, the test for vague-ness is a common sense determination of fundamental fairness, adequate notice of what conduct proscribed, and adequate stan-dards for the adjudication of the offense by judge and jury. *Synnott v. State*, 515 P.2d 1154, 1157 (Okl. Cr. 1973).

### DISCUSSION

Title 20 § 493(a)(1) of the Virgin Islands Code in pertinent part provides that: "It is unlawful for any person ·who is under the influence of an intoxicating liquor to drive, operate, or be in actual physical control of any motor vehicle within the Territory". Defen-dant contends that the term "under the influence" does not sufficiently warn him of the prohibited behavior. Defendant argues that the term "under the influence" is not defined in the statute, and therefore no standard is specified at all. Defendant further states that the term has many meanings or interpretations, citing as examples, Shakespeare's MacBeth as intoning "the stars have their influence upon me." and *Govt. v. Zachry* as declaring that a person may be considered "under the influence" after taking the Host at church on Sunday. *Govt. v. Zachry*, 24 V.I. 244, (Terr. Ct. St. T. and St. J. 1989). That being the case, defendant concludes Title 20 § 493(a)(1) of the Virgin Islands Code must be struck down as being unconstitutionally vague.

■ The Court agrees with defendant that no definition of the term "under the influence" appears in the statute, but the court finds that the meaning of the term is older than the enactment by the Virgin Islands Legislature. Where the source of the influence is not the stars nor the divine spirit at communion but an intoxicating liquor, it too appears to have a well understood meaning when used in reference to the driver of a vehicle on the public highways, which meaning courts describe as "when a person is so affected by an intoxicating liquor as not to possess that clearness of intellect and control of himself that he otherwise would have." *State v. Graham*, 222 N.W. 909 (1926). See also: *Connally v. General Constr. Co.*, 269 U.S. 385, 391, 70 L.Ed. 322, 46 S.Ct. 126 (1926); *State ex rel. Sellers v. Parker*, 87 Fla. 181, 100 So. 260 (1924); *Hasten v. State*, 35 Ariz 427, 280 P.670 (1929); *Weston v. State*, 49 Ariz 183, 65 P.2d 652 (1937); *Parker v. State*, 424 P.2d 997 (Okl.Cr. 1967); *Synnott v. State*, 515 P.2d 1154, 1157 (Okl. Cr. 1973); *Brooks v. State*, 395 A.2d 1224 (1979); *Vance v. Thomas*, 716 P.2d 710 (Okl.App. 1986); *Commonwealth v. Mikulan*, 470 A.2d 1339, (Pa.1983); *State v. Cantrell*, 673 P.2d 1147 (Kan. 1983); *State v. Campbell*, 681 P.2d 679 (Kan App. 1984); *State v. Martin*, 847 P.2d 619 (Ariz. App. Div.1. 1992). In *Synnott v. State*, the court deciding the same issue, stated that the condition of being under the influence of an intoxicating liquor and its ordinary accompaniments are so much a matter of general knowledge that a definite and sensible interpretation may be given the works of the statute, courts have long approved the meaning of the term "under the influence of an intoxication liquor" in regards to the prohibition against operating a motor vehicle as:

> "If intoxicating liquor has so far affected the nervous system, brain or muscles of a driver of an automobile as to impair, to an appreciable degree, his ability to operate his car in the manner that the ordinary prudent and cautious man, in the full possession of his faculties, using reasonable care, would operate or drive a similar vehicle under like conditions, then such driver is "under the influence of intoxicating liquor" within the meaning of the statute."
> *Synnott v. State* at 1157.

■ This court finds that the phrase "under the influence of an

intoxicating liquor" as used in Title 20 § 493(a)(1) of the Virgin Islands Code, when measured under common understanding and practice, conveys a sufficiently definite warning as to the prohibited behavior and is therefore constitutionally sound. Accordingly, it is hereby

ORDERED that defendant's motion to dismiss Count I of the complaint herein which charges the defendant with driving a motor vehicle within the territory of the Virgin Island while under the influence of an intoxicating liquor is DENIED.