888 So.2d 733 (2004)
Alex Michael GLUHAREFF, Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-995.
District Court of Appeal of Florida, Fifth District.
December 10, 2004.
Rodney W. Smith of Avera Avera, LLP, Gainesville, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Mary G. Jolley, Assistant Attorney General, Daytona Beach, for Appellee.
TORPY, J.
Appellant, a private pilot, pled guilty to operating an aircraft while under the influence of alcohol in violation of section 860.13, Florida Statutes (2001), expressly reserving two dispositive legal questions for review: First, whether the statute is unconstitutionally vague for failure to define "under the influence," and second, whether the statute is void under the Supremacy Clause of the United States Constitution because it was preempted by federal law. We answer both questions in the negative and affirm.
As to the vagueness issue, we think the statute is sufficiently specific to give notice and adequate warning to persons of common intelligence of the conduct that is proscribed. See State v. Parker, 87 Fla. 181, 100 So. 260, 262 (1924) (city ordinance prohibiting vehicle operation while under the influence of alcohol not unconstitutionally vague).
Insofar as Appellant's preemption argument is concerned, we agree with the discussion of this issue contained in Hughes v. Attorney General of Florida, 377 F.3d 1258, 1265-69, (11th Cir.2004), and conclude that Federal Aviation Administration regulations do not manifest an intent to preempt state regulation of alcohol misuse by pilots either expressly or through "field preemption."
AFFIRMED.
PLEUS, J., and WALSH, J.D. Associate Judge, concur.