(681 P 2d 679)

No. 55,783

No. 56,306

Consolidated

STATE OF KANSAS, *Appellee*, v. EMERY CAMPBELL, *Appellant*.

Opinion filed May 17, 1984.

*John A. McKinnon*, of Topeka, for the appellant.

*Samuel L. Schuetz*, county attorney, and *Robert T. Stephan*, attorney general, for the appellee.

Before FOTH, C.J., PARKS and BRISCOE, JJ.

FOTH, C.J.: Emery Campbell was convicted of driving under the influence of alcohol and transporting an open container of liquor in April, 1983. In August he was again convicted of DUI. In each case he was sentenced as a third offender under K.S.A. (now 1983 Supp.) 8-1567(*e*). His appeals in each case were consolidated for decision.

In each case he challenges 8-1567(*a*) as being void for vagueness. He argues that the average person cannot know what conduct is proscribed by the statutory language prohibiting the

operation of a vehicle by a person "under the influence of alcohol."

We are unaware of any Kansas case in which this precise challenge to the statute has been made. In *State v. Reeves*, 233 Kan. 702, 664 P.2d 862 (1983), the court considered an instruction which amplified the statutory language by requiring the State to prove that the defendant was not only "under the influence of alcohol" but that "the control of his mental or physical function was thereby impaired to the extent that he was incapable of safely driving a vehicle." The court found that the additional language properly reflected the legislative intent, but disapproved its inclusion as an element of the offense. Rather, the court said, the amplification should be given to the jury as a *definition* of the statutory element of driving while "under the influence of alcohol."

While the court in *Reeves* approved the concept of a further definition for the benefit of a jury, it did not suggest that the statutory language was unintelligible or that the average person in our society would not know what conduct amounted to driving under the influence of alcohol. While this question has not yet been addressed in Kansas, several of our sister jurisdictions ruled long ago that the phrase "driving under the influence" is not unconstitutionally vague. In so ruling, the Minnesota Supreme Court in 1929 noted that the expression "under the influence of intoxicating liquor" was in common, everyday use by the people and was older than the statute. Then the court went on to say:

"When a person is so affected by intoxicating liquor as not to possess that clearness of intellect and control of himself that he otherwise would have, he is under the influence of intoxicating liquor. That would appear to be the common understanding of the expression, and well known. In that light the use of the expression in the statute renders the law neither obscure nor uncertain." *State v. Graham*, 176 Minn. 164, 169, 222 N.W. 909 (1929).

For similar holdings see *Weston v. State of Arizona*, 49 Ariz. 183, 186-88, 65 P.2d 652 (1937); *State ex rel. Sellers v. Parker*, 87 Fla. 181, 190-91, 100 So. 260 (1924). See also 7A Am. Jur. 2d, Automobiles & Highway Traffic § 297.

We think the phrase has been equally accepted in this state, is commonly understood, and that its use does not render the statute void for vagueness.

Defendant also challenges the "third offender" provisions of

former K.S.A. 8-1567(*e*) because at the time of his first offense 8-1567(*i*) counted as prior convictions all those occurring within this state, and arguably those involving ordinances of foreign cities, but not convictions for violations of foreign state DUI laws. He argues a denial of equal protection because he, with all his priors in Kansas, is punished as a third offender while another, with priors incurred elsewhere, would be treated as a first offender.

This position is meritless, because a state may validly draw distinctions between persons differently situated. A person who has been convicted of DUI in Kansas is not in the same situation as one who has been convicted of DUI in another state. Each state has its own unique body of substantive and procedural law. It is entirely possible that no two states are alike in this area. Although exempting convictions in other states may have been an oversight, which has since been remedied, it was within the legislature's discretion to exempt out-of-state convictions if it desired to do so.

We note in this connection *State v. Wood,* 231 Kan. 699, 647 P.2d 1327 (1982), which considered the use of municipal and foreign convictions under the Habitual Traffic Violators Act, K.S.A. 8-284 *et seq.* The court there noted that of the eight different criminal violations dealt with in the statute, only one referred to ordinance violations. The court found this to have been a deliberate legislative choice, and had no difficulty in construing the act and approving it in general, despite the classes of repeat offenders thus created.

The power to enact laws to promote the public health, safety, morals, and welfare is a broad power vested in the several state legislatures. This power includes the power to define crimes. *State v. Thompson,* 221 Kan. 165, 173, 558 P.2d 1079 (1976). It also includes the power to set punishments. See 16A C.J.S., Constitutional Law § 487. We cannot find that it was beyond the legislature's power to treat as first offenders those whose only DUI convictions were out of state but as repeat offenders those whose previous offenses endangered the citizens of this state. The prior statute did not offend the Equal Protection clause of the Fourteenth Amendment.

Defendant also argues that, because his prior convictions occurred at a time when the law did not impose mandatory penal-

ties for repeat offenders, their use under the present law makes it an ex post facto law.

While this question has not been addressed in the context of this particular statute, it was raised in a related context in *State v. Jones*, 214 Kan. 568, 521 P.2d 278 (1974). That case involved K.S.A. 8-262, which provides for enhanced penalties for repeated offenses of driving while one's driver's license is suspended or revoked. The defendant argued that the statute is an invalid ex post facto law. The Supreme Court disagreed, ruling that the statute is in the nature of a habitual criminal statute. The court explained its decision as follows:

"A showing of prior convictions goes only to the question of defendant's status. The prior conviction or convictions gives the defendant a classification, and the statute prescribes sequentially increased punishment for repeated offenders. A repeating offender is not punished for the prior offense or offenses, but the Legislature has declared that repeated violations justify the enhanced penalty." 214 Kan. at 570.

The same reasoning applies to K.S.A. 8-1567, and the statute is not an ex post facto law.

Defendant's attack on the chemical test provisions of K.S.A. 8-1001 must also fail. The statute provides that consent to submit to such a test is deemed to have been given by the act of operating a motor vehicle upon a public highway in this state but that a person may refuse to submit to the test. Such refusal, however, is admissible against the defendant in a trial for driving under the influence. K.S.A. 8-1001(*a*) and (*c*).

Defendant raises two points regarding these provisions: (1) that there is a right to a warning regarding the consequences of refusal to take the chemical test and (2) that the admissibility of the refusal to submit to the test violates his privilege against self-incrimination.

Both of these issues were addressed in the recent case of *State v. Compton*, 233 Kan. 690, 664 P.2d 1370 (1983). In that case, the Court relied on *South Dakota v. Neville*, 459 U.S. 553, 74 L.Ed.2d 748, 103 S.Ct. 916 (1983), and ruled that a failure of an officer to warn of the consequences of refusal is not a "trick" constituting a violation of the defendant's right to due process, and also that the admission of evidence of refusal does not offend the Fifth Amendment privilege against self-incrimination or the right to due process.

Finally, in his first case defendant claims it was error to

overrule his challenge for cause directed against one juror. During voir dire defendant moved the court to excuse the juror because she stated that she does not drink alcohol and might have a problem acquitting a man of driving under the influence. The trial court asked the juror whether she could be fair, and she replied that she certainly would try to be fair. The court refused to excuse her for cause, and the defendant moved three times for a mistrial on this ground. All three motions were denied.

Challenges for cause are to be tried to the trial court and decided in the discretion of the trial court. *State v. Nix,* 215 Kan. 880, 529 P.2d 147 (1974). Whether a prospective juror is qualified to sit in the trial of a case is a question for determination by the trial court and its ruling will not be disturbed unless it is clearly erroneous or there has been an abuse of discretion. *State v. Amodei,* 222 Kan. 140, Syl. ¶ 4, 563 P.2d 440 (1977).

Before the court denied this challenge it had already granted a challenge for cause of another juror who stated that he did not drink alcohol. In that instance, however, the juror had expressed doubt that he could be fair. In contrast, this juror stated that she would try to be fair. While the members of this panel might have taken a different course, it cannot be said that no reasonable man could have acted as the trial court did. Therefore, there was no abuse of judicial discretion in failing to strike the juror.

No challenge is directed at the open container conviction and it is therefore upheld.

Affirmed.