(98 P.3d 651)
No. 91,498

STATE OF KANSAS, *Appellee,* v. PHILLIP J. SEDILLOS, *Appellant.*

Opinion filed October 8, 2004.

*Patrick H. Dunn,* assistant appellate defender, for appellant.

*Bryant T. Barton,* assistant county attorney, *William E. Kennedy III,* county attorney, and *Phill Kline,* attorney general, for appellee.

Before HILL, P.J., GREEN and MALONE, JJ.

GREEN, J.: Phillip Sedillos appeals from a bench trial conviction of driving under the influence (DUI) of alcohol in violation of K.S.A. 2002 Supp. 8-1567. First, Sedillos argues that because he

had previously been informed that his prior DUI convictions would decay after 5 years, the classification of his current DUI conviction as a third offense and felony violates the Ex Post Facto and Due Process Clauses of the United States Constitution. We find that Sedillos' constitutional arguments fail. Finally, Sedillos argues that the trial court erred in using his two prior DUI convictions to enhance his current DUI conviction to a felony when K.S.A. 2002 Supp. 8-1567(l)(3) does not include a retroactive provision pertaining to the prior convictions. We again disagree. Because the plain language of K.S.A. 2003 Supp. 8-1567(m)(3) reveals that any prior DUI convictions occurring during a defendant's lifetime shall be used to enhance the sentence for the current DUI offense, it is unnecessary to include an additional retroactive provision. Therefore, Sedillos' argument fails. Accordingly, we affirm the trial court's ruling.

In February 2003, the State charged Sedillos with his third DUI offense, an unclassified person felony, in violation of K.S.A. 2002 Supp. 8-1567 for conduct that occurred in October 2002. Sedillos' prior convictions came from a DUI diversion granted in January 1996 and also a DUI conviction in July 1997.

Under K.S.A. 2002 Supp. 8-1567(l)(3), any DUI conviction or entry into a diversion agreement "occurring during a person's lifetime shall be taken into account when determining the sentence to be imposed for a first, second, third, fourth or subsequent offender." Under an earlier version of the statute, however, only DUI convictions or diversion agreements "occurring in the immediately preceding five years, *including prior to the effective date of this act*, shall be taken into account" for purposes of determining the level of offense under the statute. (Emphasis added.) K.S.A. 2000 Supp. 8-1567(k)(3).

Sedillos moved to strike his lifetime prior convictions arguing that the legislature's omission of the phrase "including prior to the effective date of this act" from the July 1, 2001, amendment to K.S.A. 8-1567(k)(3) bars the use of prior DUI convictions that occurred before the amendment. The trial court denied the motion.

Sedillos waived his right to a jury trial and submitted his case to the trial court on stipulated facts. The trial court found Sedillos

guilty of DUI, a third offense, in violation of K.S.A. 8-1567. He was sentenced to 1 year in jail with work release granted after 48 hours had been served and fined $1,500.

*Ex Post Facto and Due Process*

First, Sedillos argues that the use of his prior DUI convictions to classify his current conviction as a third offense and, therefore, a felony violates both the Ex Post Facto and Due Process Clauses of the United States Constitution. Sedillos failed to raise this argument at the trial court level. Constitutional grounds for reversal asserted for the first time on appeal are not properly before the appellate court for review. *State v. Williams*, 275 Kan. 284, 64 P.3d 353 (2003). Nevertheless, when it is necessary to determine the merits of the action or where the issues cannot be intelligently decided without doing so, the constitutionality of a statute should be decided, even if the parties failed to raise the constitutional question, failed to plead the question, or failed to present the question to the trial court. *State v. Gordon*, 275 Kan. 393, 408, 66 P.3d 903 (2003).

Sedillos' arguments require us to interpret K.S.A. 2002 Supp. 8-1567. "Interpretation of a statute is a question of law, and an appellate court's review is unlimited. An appellate court is not bound by the district court's interpretation of a statute. [Citation omitted.]" *State v. Maass*, 275 Kan. 328, 330, 64 P.3d 382 (2003).

In order for the enhancement sentencing provisions of K.S.A. 2002 Supp. 8-1567 to constitute an ex post facto law, they must apply to conduct occurring before they were enacted and they must change the definition of criminal conduct or increase the penalty for criminal conduct. *City of Norton v. Hurt*, 275 Kan. 521, 522, 66 P.3d 870 (2003).

Sedillos acknowledges that the ex post facto issue relating to K.S.A. 2002 Supp. 8-1567(l)(3) has been decided by our Supreme Court in *Hurt*, 275 Kan. 521. There, the defendant argued that the 2001 amendments to the enhanced sentencing provisions of the DUI city ordinance which were modeled after those in K.S.A. 8-1567 violated the constitutional prohibition against ex post facto laws. The defendant had been sentenced as a second DUI offender

because he had a previous DUI diversion from 1995 before the amendment of the city ordinance and 8-1567. Our Supreme Court determined that the amended ordinance became effective before the defendant's second DUI offense and increased the penalty for the second violation only. Our Supreme Court held that the amended ordinance was not an ex post facto law because it did not affect the defendant's actions prior to its effective date. 275 Kan. at 522-24.

Sedillos' current DUI offense occurred in October 2002, after the amendment to K.S.A. 8-1567 was enacted. Consequently, for sentencing purposes, the trial court was required to take into account any convictions occurring during Sedillos' lifetime. K.S.A. 2002 Supp. 8-1567(l)(3). The amendment only affected Sedillos' actions occurring after its effective date and increased the penalty for his third DUI offense. The amendment did not increase the punishment for Sedillos' previous DUI crimes. Consequently, under *Hurt*, 275 Kan. 521, the amended statute is not an ex post facto law. This court is duty bound to follow our Supreme Court precedent, unless there is some indication that the court is departing from its previous position. *State v. Jackson*, 30 Kan. App. 2d 288, 299, 41 P.3d 871 (2002). Therefore, we find there was no ex post facto violation.

Nevertheless, Sedillos argues that although the application of K.S.A. 2002 Supp. 8-1567(l)(3) to this case may not constitute an ex post facto violation, it does violate his right to due process of law under the Fifth and Fourteenth Amendments to the United States Constitution. He maintains that it is fundamentally unfair to apply the amended version of K.S.A. 8-1567 and use his convictions that would have decayed under the previous version of the statute to enhance his sentence. Sedillos asserts that if he had been advised his prior convictions could be later used to enhance a DUI violation to a felony, he may have asserted his right to a trial instead of entering into a diversion agreement or a guilty plea in his prior convictions.

To support his position, Sedillos cites to the United States Supreme Court's decision in *Stogner v. California*, 539 U.S. 607, 156 L. Ed. 2d 544, 123 S. Ct. 2446 (2003). In that case, the defendant

was prosecuted for criminal conduct which was time-barred under the statutes of limitations in effect at the time the alleged crimes were committed. California had enacted legislation, however, which allowed the revival of prosecution for certain crimes. As part of its analysis on the issue of whether the legislation constituted an ex post facto law, the Court noted the following language from Judge Learned Hand in *Falter v. United States*, 23 F.2d 420, 426 (2nd Cir. 1928): "[E]xtending a limitations period after the State has assured 'a man that he has become safe from its pursuit . . . seems to most of us unfair and dishonest.' " 539 U.S. at 611. The Court found that this legislation as applied to Stogner constituted an ex post facto violation and stated: "We conclude that a law enacted after expiration of a previously applicable limitations period violates the *Ex Post Facto* Clause when it is applied to revive a previously time-barred prosecution." 539 U.S. at 632-33.

The decision in *Stogner* is inapplicable to the facts of the instant case. The statute in *Stogner* retroactively applied to conduct that was committed before the statute was enacted and attempted to punish that conduct. Here, however, the only criminal conduct that is being punished is that which Sedillos committed after the 2001 amendment to K.S.A. 8-1567. His 1996 and 1997 convictions are only being used to enhance the sentence for his current DUI violation. Therefore, the application of K.S.A. 2002 Supp. 8-1567(l)(3) to Sedillos' prior convictions does not fail under *Stogner*.

Moreover, although Sedillos entered into his diversion agreement and plea agreement when K.S.A. 8-1567 indicated that only convictions occurring in the previous 5 years could be used to enhance the sentence for a current DUI offense, there is no indication that he relied on this provision when entering into those agreements. See K.S.A. 2000 Supp. 8-1567(k)(3). Indeed, such reliance would be illogical because the legislature could choose at any time to alter the manner in which it punishes an offense occurring after the amendment date. Because the 2001 amendment to the enhanced sentencing provisions of 8-1567 only punishes conduct which occurs subsequent to the amendment date and does not alter the sentence imposed in Sedillos' prior convictions, we find that his argument fails. See K.S.A. 8-1567(l)(3).

*Retroactive Application*

Finally, Sedillos contends that the trial court erroneously used his two prior DUI convictions to enhance his current DUI offense when K.S.A. 2002 Supp. 8-1567 does not contain a retroactive provision relating to the prior convictions. This issue again requires us to interpret K.S.A. 2002 Supp. 8-1567. "Interpretation of a statute is a question of law, and an appellate court's review is unlimited. An appellate court is not bound by the district court's interpretation of a statute. [Citation omitted.]" *Maass*, 275 Kan. at 330.

Sedillos seizes on the fact that the legislature, in its 2001 amendment of K.S.A. 8-1567, did not include the phrase "prior to the effective date of this act." Essentially, Sedillos argues that the omission of this phrase indicates the legislature's intention to not make the amendment applicable to prior convictions occurring before its enactment. Such an interpretation of K.S.A. 2002 Supp. 8-1567, however, goes against the plain meaning of the statute.

"The fundamental rule of statutory construction to which all other rules are subordinate is that the intent of the legislature governs if that intent can be ascertained. The legislature is presumed to have expressed its intent through the language of the statutory scheme it enacted. When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be. [Citation omitted.]" *Williamson v. City of Hays*, 275 Kan. 300, 305, 64 P.3d 364 (2003).

"Criminal statutes must be strictly construed in favor of the accused. Any reasonable doubt about the meaning is decided in favor of anyone subjected to the criminal statute. The rule of strict construction, however, is subordinate to the rule that judicial interpretation must be reasonable and sensible to effect legislative design and intent. [Citation omitted.]" *State v. McGill*, 271 Kan. 150, 154, 22 P.3d 597 (2001).

Under K.S.A. 2002 Supp. 8-1567(l)(3), "any convictions occurring during a person's lifetime" shall be used in calculating the sentence to be imposed for a third offender. The statute does not limit a person's convictions to those that occur after July 1, 2001. To read such a requirement into the statute would be contrary to the plain language of the statute that a person's *lifetime* convictions shall be taken into account. As stated by our Supreme Court in *GT, Kansas, L.L.C. v. Riley County Register of Deeds*, 271 Kan. 311, 316, 22 P.3d 600 (2001): "Ordinary words are to be given their

ordinary meaning, and a statute should not be so read as to add that which is not readily found therein or to read out what as a matter of ordinary English language is in it. [Citation omitted.]" Here, the statute plainly reads that a person's lifetime convictions shall be taken into account when determining the sentence to be imposed and does not merely apply to those convictions that occur after July 1, 2001.

If we were to construe K.S.A. 2002 Supp. 8-1567(l)(3) as applying to only those convictions that occur after the effective date of the amendment, such interpretation would produce an unreasonable result that would contravene the clear language of the statute. If we were to adopt Sedillos' interpretation, those prior DUI convictions occurring before July 2001 would not be counted for sentencing purposes. Thus, the result would contradict the language of K.S.A. 2002 Supp. 8-1567(l)(3) indicating that a person's *lifetime prior convictions* are to be taken into account for sentencing purposes. "As a general rule, statutes are construed to avoid unreasonable results. There is a presumption that the legislature does not intend to enact useless or meaningless legislation. [Citation omitted.]" *In re M.R.*, 272 Kan. 1335, 1342, 38 P.3d 694 (2002).

Although the previous version of K.S.A. 8-1567 included the phrase "prior to the effective date of this act," this wording appeared to be unnecessary given what was already stated in the provision, that is, that convictions occurring in the *immediately preceding* 5 years would be taken into account. K.S.A. 2000 Supp. 8-1567(k)(3). Moreover, such wording is unnecessary for the amended version of 8-1567 where any convictions occurring during a person's lifetime are taken into account for sentencing purposes. K.S.A. 2002 Supp. 8-1567(l)(3). As a result, we find that the trial court properly used Sedillos' prior DUI convictions to enhance his current DUI offense to a felony.

Affirmed.