No. 91,498

STATE OF KANSAS, *Appellee*, v. PHILLIP J. SEDILLOS, *Appellant*.

112 P.3d 854

Opinion filed June 3, 2005.

*Patrick H. Dunn,* assistant appellate defender, argued the cause and was on the brief for appellant.

*Bryant T. Barton,* assistant county attorney, *William E. Kennedy III,* former county attorney, *Barry R. Wilkerson,* county attorney, and *Phill Kline,* attorney general, were with him on the briefs for appellee.

The opinion of the court was delivered by

DAVIS, J.: Phillip J. Sedillos petitions this court for review of the Court of Appeals' decision affirming his conviction and sentence for a third offense of driving under the influence (DUI), an unclassified person felony, in *State v. Sedillos,* 33 Kan. App. 2d 141, 98 P.3d 651 (2004). He argues the use of his prior convictions under K.S.A. 2002 Supp. 8-1567(l)(3) was erroneous and that the classification of his current DUI as a felony third offense violated due process. We affirm.

In February 2003, the defendant was charged with his third DUI offense in violation of K.S.A. 2002 Supp. 8-1567 for conduct committed on October 4, 2002. The defendant had a prior conviction

for DUI in July 1997 and was granted a diversion for DUI in January 1996.

Under K.S.A. 2002 Supp. 8-1567(l)(3), now K.S.A. 2004 Supp. 8-1567(m)(3), any DUI conviction or entry into a diversion agreement "occurring during a person's lifetime shall be taken into account when determining the sentence to be imposed for a first, second, third, fourth or subsequent offender." Under an earlier version of the statute, only DUI convictions or diversion agreements, classified as convictions, "occurring in the immediately preceding five years, including prior to the effect date of this act, shall be taken into account" for purposes of determining the enhanced sentence of the subsequent offense under the statute. See K.S.A. 2000 Supp. 8-1567(k)(3).

The defendant filed a motion to strike his lifetime prior convictions, arguing that application of the rules of statutory construction to K.S.A. 2002 Supp. 8-1567(l)(3) barred the use of his prior convictions to enhance his crime and penalty. He reasoned that the legislature's omission of "including prior to the effective date of this act" language in the July 1, 2001, amendment to K.S.A. 2000 Supp. 8-1567(k)(3), see L. 2001, ch. 200, sec. 14, barred the use of his prior DUI convictions that had occurred prior to July 1, 2001.

The district court denied the motion, finding that the statute as written applied prospectively rather than retroactively. It reasoned that the changed language was effective on July 1, 2001, well before the defendant's present DUI offense on October 4, 2002. The amendment in K.S.A. 2002 Supp. 8-1567(l)(3) provided that all DUI convictions or DUI diversion agreements occurring during a person's lifetime would be used in determining the enhancement penalty of the present DUI offense. Thus, the defendant was not entitled to any retroactive application.

The defendant waived his right to a jury trial, and the case was submitted for a bench trial on stipulated facts. The district court found the defendant guilty of DUI, a third offense, in violation of K.S.A. 2002 Supp. 8-1567(a) and (f). On this felony offense, he was fined $1,500 and sentenced to 1 year in jail, with work release granted after 48 hours had been served.

Before the Court of Appeals, the defendant argued that application of the statute violated the Due Process and Ex Post Facto Clauses of the United States Constitution. See U.S. Const. Amend. V and XIV; U.S. Const. Art. I, § § 9, 10. He argued that the district court erred by using his two prior DUI convictions to enhance his DUI offense when K.S.A. 2002 Supp. 8-1567 does not contain a retroactive provision relating to prior convictions. The Court of Appeals rejected these arguments, as discussed below, and affirmed the trial court. See *Sedillos*, 33 Kan. App. 2d at 143-47. We granted the defendant's petition for review of these issues pursuant to K.S.A. 20-3018(b).

Statutory Interpretation of K.S.A. 2002 Supp. 8-1567(l)(3).

The defendant argues the Court of Appeals violated several rules of statutory construction by interpreting K.S.A. 2002 Supp. 8-1567(l)(3) as mandating the use of his prior DUI convictions to enhance his current DUI offense. The interpretation of a statute is a question of law over which this court has unlimited review. *State v. Williams*, 277 Kan. 338, 346, 85 P.3d 697 (2004).

K.S.A. 2000 Supp. 8-1567(k)(3) provided in relevant part:

"(k) For the purpose of determining whether a conviction is a first, second, third or subsequent conviction in sentencing under this section:

(1) 'Conviction' includes being convicted of a violation of this section or entering into a diversion agreement in lieu of further criminal proceedings on a complaint alleging a violation of this section;

. . . .

(3) *only convictions occurring in the immediately preceding five years, including prior to the effective date of this act*, shall be taken into account, but the court may consider other prior convictions in determining the sentence to be imposed within the limits provided for a first, second, third or subsequent offender, whichever is applicable." (Emphasis added.)

Subsection (k)(3) of K.S.A. 2000 Supp. 8-1567 is referred to as a "decay" provision. See *City of Norton v. Hurt*, 275 Kan. 521, 522, 66 P.3d 870 (2003). The statute was amended in 2001, and the decay provision was removed. L. 2001, ch. 200, sec. 14. The amended statute contains identical provisions to K.S.A. 2000 Supp. 8-1567(k)(1) in subsection (l)(1); however subsection (l)(3) was amended to read "any convictions occurring during a person's life-

time shall be taken into account when determining the sentence to be imposed for a first, second, third, fourth or subsequent offender." See K.S.A. 2002 Supp. 8-1567(l)(3); K.S.A. 2004 Supp. 8-1567(m)(3).

In a well-reasoned opinion, the Court of Appeals affirmed the district court's use of the defendant's prior conviction and diversion agreement occurring during the defendant's lifetime under K.S.A. 2002 Supp. 8-1567(l)(3), reasoning:

"Under K.S.A. 2002 Supp. 8-1567(l )(3), 'any convictions occurring during a person's lifetime' shall be used in calculating the sentence to be imposed for a third offender. The statute does not limit a person's convictions to those that occur after July 1, 2001. To read such a requirement into the statute would be contrary to the plain language of the statute that a person's *lifetime* convictions shall be taken into account. As stated by our Supreme Court in *GT, Kansas, L.L.C. v. Riley County Register of Deeds*, 271 Kan. 311, 316, 22 P.3d 600 (2001): 'Ordinary words are to be given their ordinary meaning, and a statute should not be so read as to add that which is not readily found therein or to read out what as a matter of ordinary English language is in it. [Citation omitted.]' Here, the statute plainly reads that a person's lifetime convictions shall be taken into account when determining the sentence to be imposed and does not merely apply to those convictions that occur after July 1, 2001.

"If we were to construe K.S.A. 2002 Supp. 8-1567(l)(3) as applying to only those convictions that occur after the effective date of the amendment, such interpretation would produce an unreasonable result that would contravene the clear language of the statute. If we were to adopt Sedillos' interpretation, those prior DUI convictions occurring before July 2001 would not be counted for sentencing purposes. Thus, the result would contradict the language of K.S.A. 2002 Supp. 8-1567(l)(3) indicating that a person's *lifetime prior convictions* are to be taken into account for sentencing purposes. 'As a general rule, statutes are construed to avoid unreasonable results. There is a presumption that the legislature does not intend to enact useless or meaningless legislation. [Citation omitted.]' *In re M.R.*, 272 Kan. 1335, 1342, 38 P.3d 694 (2002).

"Although the previous version of K.S.A. 8-1567 included the phrase 'prior to the effective date of this act,' this wording appeared to be unnecessary given what was already stated in the provision, that is, that convictions occurring in the *immediately preceding* 5 years would be taken into account. K.S.A. 2000 Supp. 8-1567(k)(3). Moreover, such wording is unnecessary for the amended version of 8-1567 where any convictions occurring during a person's lifetime are taken into account for sentencing purposes. K.S.A. 2002 Supp. 8-1567(l)(3). As a result, we find that the trial court properly used Sedillos' prior DUI convictions to enhance his current DUI offense to a felony." 33 Kan. App. 2d at 146-47.

The resolution of the issue we are called upon to decide depends upon the following rules of statutory construction:

"The fundamental rule to which all other rules are subordinate is that the intent of the legislature governs if that intent can be ascertained, and when a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed rather than determine what the law should or should not be. Where the face of the statute leaves its construction uncertain, the court may look to the historical background of the enactment, the circumstances attending its passage, the purpose to be accomplished, and the effect the statute may have under the various constructions suggested. The legislative intent is to be determined from a general consideration of the entire act, and effect must be given, if possible, to the entire act and every part thereof, and it is the duty of the court, as far as practicable, to reconcile the different provisions so as to make them consistent, harmonious, and sensible." *State v. Van Hoet*, 277 Kan. 815, Syl. ¶ 2, 89 P.3d 606 (2004).

"When the legislature revises an existing law, it is presumed that the legislature intended to change the law from how it existed prior to the amendment, and it is presumed that the legislature does not intend to enact useless or meaningless legislation. [Citations omitted.] The court should avoid interpreting a statute in such a way that part of it becomes surplusage. [Citation omitted.]" 277 Kan. at 826-27.

"Criminal statutes must be strictly construed in favor of the accused. Any reasonable doubt about the meaning is decided in favor of anyone subjected to the criminal statute. The rule of strict construction, however, is subordinate to the rule that judicial interpretation must be reasonable and sensible to effect legislative design and intent. [Citation omitted.]" *State v. Brown*, 272 Kan. 843, 847, 35 P.3d 910 (2001).

The defendant argues the Court of Appeals erroneously interpreted earlier versions of the statute in such a way as to render the language "prior to the effective date of this act" as meaningless and surplusage. He contends the legislature's removal of this language from the amended version of K.S.A. 2002 Supp. 8-1567(1)(3) expressed its intent that convictions should only be counted from the effective date of the act. Thus, according to the defendant, the Court of Appeals read or judicially resupplied the omitted "prior to the effective date of this act" language back into the amended statute.

The defendant fails to consider whether the language of the amended statute is plain and unambiguous on its face, the first step in statutory construction. If the statute is plain and unambiguous,

the appellate courts will not speculate as to the legislative intent behind it and will not read the statute so as to add something not readily found in it. *State v. Gordon*, 275 Kan. 393, Syl. ¶ 2, 66 P.3d 903 (2003).

K.S.A. 2002 Supp. 8-1567(l)(3) provides that "any convictions occurring during a person's lifetime shall be taken into account when determining the sentence to be imposed" for a third offender. The plain language of the statute contains no reference to the effective date of the act. Rather, it uses the words "any" and "lifetime," which are common words that convey a definite meaning. See *GT, Kansas, L.L.C. v. Riley County Register of Deeds*, 271 Kan. 311, 316, 22 P.3d 600 (2001) ("Ordinary words are to be given their ordinary meaning, and a statute should not be so read as to add that which is not readily found therein or to read out what as a matter of ordinary English language is in it."). Thus, the plain language of the statute provides that *any* of a person's *lifetime* convictions shall be taken into account when determining the enhanced sentence to be imposed and does not merely apply to those convictions that occur after July 1, 2001.

The defendant's interpretation of the statute is contrary to the plain and unambiguous language of the statute and leads to an unreasonable result because not all convictions having occurred during a person's lifetime would be counted. Although the defendant claims the Court of Appeals effectively reads the "prior to the effective date of this act" language back into the amended statute, the defendant is asking this court to read into the statute a "start date" for lifetime convictions which does not appear in the plain language of the statute. The conclusion that all lifetime convictions shall be counted does not result from the judicial construction of omitted language, but from the plain language of the amended statute itself which essentially contains a retroactive provision by using the term "lifetime."

Although courts should avoid interpreting a statute in such a way that part of it becomes meaningless, useless, or surplusage, the defendant correctly points out that the Court of Appeals interpreted the phrase "prior to the effective date of this act" as being unnecessary in the earlier version of the statute because the statute

provided that all convictions occurring in the immediately preceding 5 years would be taken into account. See K.S.A. 2000 Supp. 8-1567(k)(3). However, the defendant's interpretation of the amended statute would likewise render the amended statutory language "any convictions occurring during a person's lifetime" unreasonable and meaningless by excluding any lifetime convictions committed prior to the enactment date, contrary to the clear legislative intent expressed by the plain and unambiguous meaning of the term "lifetime." Thus under either interpretation, some portion of either the prior version of the statute or the amended statute would be rendered superfluous or meaningless, a result sought to be avoided by the rules or statutory construction.

A reading of the plain language of both versions of the statute solves this problem. We believe that the prior version of the statute, K.S.A. 2000 Supp. 8-1567(k)(3), included the language "prior to the effective date of this act" in order to specify the parameters of the 5-year time period. The amended version, K.S.A. 2002 Supp. 8-1567(l)(3), no longer requires such parameters because the plain language includes "any convictions occurring during a person's lifetime." This interpretation effectively gives meaning to the statutory language used in both versions of the statute. It explains the legislature's use of the "prior to the effective date of this act" language in the earlier version of the statute while recognizing that the amended statute did not need this language because it now refers to *any* convictions during a person's *lifetime*. Thus, although we disagree with the Court of Appeals' conclusion that the "prior to the effective date of this act" language in the earlier statute was surplusage, we may uphold its decision on other grounds. See *Drake v. Kansas Dept. of Revenue*, 272 Kan. 231, 239, 32 P.3d 705 (2001) (The reason given by the district court for its decision is immaterial if the result is correct for any reason.).

Additionally, we note that the interpretation suggested by the defendant would not be in line with the apparent legislative intent when passing the 2001 amendment to impose harsher penalties upon those convicted of drinking and driving:

"I vote yes on SB 67. [L. 2001, ch. 200] *This comprehensive legislation significantly enhances public safety by imposing harsher penalties on drunk drivers.*

Many Kansans' lives have been tragically affected by the act of a drunk driver. My vote in favor of this legislation is offered in tribute to the innocent victims of this crime and their families—lives torn apart by the dangerous and senseless act of driving under the influence of alcohol or drugs. *This bill says loud and clear that those who drink and drive in our state will face strong penalties. Those who commit this crime* **more than once** *will also be dealt with as the serious criminals they are."* (Emphasis added.) Sen. J. 2001, p. 1063. (Explanation of Vote by Senator David Adkins).

"Drunk driving is a continuing problem in the State of Kansas. *Statistics clearly show that enhanced penalties reduce the incidents of drunk driving.* This is a simple issue of public safety. *This bill will enhance penalties* and save lives. We strongly favor SB 67." (Emphasis added.) House J. 2001, p. 558. (Explanation of Vote by House Representatives Dean Newton and Daniel Williams.)

Interpreting the amended statute to include only convictions committed after July 1, 2001, for enhancement purposes suggests more lenient rather than enhanced penalties for repeat DUI offenders. Consistent with the above expressed intent, the replacement of the "immediately preceding" 5-year provision with a lifetime provision must be construed to include all convictions during a person's lifetime, not just those committed after the effective date of the act.

The Court of Appeals correctly concluded that all prior convictions, even those occurring before the enactment date, should be considered under K.S.A. 2002 Supp. 8-1567(l)(3).

## Due Process Violation

The defendant also argues that if the legislature intended for the 2001 amendment to apply to all prior convictions then it violates both the Due Process and Ex Post Facto Clauses of the United States Constitution. He did not raise these arguments before the district court, and ordinarily, constitutional grounds asserted for the first time on appeal are not properly before the appellate court for review. See *Gordon*, 275 Kan. at 407. However:

"When it is necessary in order to determine the merits of the action or where the issues cannot be intelligently decided without doing so, the constitutionality of a statute should be decided, even if the parties failed to raise the constitutional question, failed to plead the question, or failed to present the question to the trial court." 275 Kan. at 408.

The defendant concedes that his ex post facto argument was rejected by this court in *Hurt*, 275 Kan. 521. He continues to argue that application of K.S.A. 2002 Supp. 8-1567(l)(3) violates his rights to due process under the Fifth and Fourteenth Amendments to the United States Constitution. We, elect to address this issue, which involves a question of law over which we have de novo review. See *State v. Burhans*, 277 Kan. 858, 869, 89 P.3d 629 (2004).

According to the defendant, it is fundamentally unfair to apply the amended version of the statute and use his prior convictions that would have decayed under the previous version of the statute to enhance his sentence. He contends that if he had been advised that his prior convictions could be later used to enhance a DUI violation into a felony, he might have asserted his right to trial instead of entering into a diversion agreement or a guilty plea.

Before the Court of Appeals and on petition for review, the defendant relies primarily upon *Stogner v. California*, 539 U.S. 607, 156 L. Ed. 2d 544, 123 S. Ct. 2446 (2003), in support of his argument. In *Stogner*, the United States Supreme Court held that California's new criminal statute of limitations permitting prosecution for sex-related child abuse where the prior limitations period had expired violated the Ex Post Facto Clause. In finding the new statute threatened the kind of harm the Ex Post Facto Clause seeks to avoid, the Court cited Judge Learned Hand's statement that "extending a limitations period after the State has assured 'a man that he has become safe from its pursuit . . . seems to most of us unfair and dishonest.' " 539 U.S. at 611 (quoting *Falter v. United States*, 23 F.2d 420, 426 [2d Cir.], *cert. denied* 277 U.S. 590 [1928]).

The *Sedillos* Court of Appeals rejected the defendant's argument, reasoning:

"The decision in *Stogner* is inapplicable to the facts of the instant case. The statute in *Stogner* retroactively applied to conduct that was committed before the statute was enacted and attempted to punish that conduct. Here, however, the only criminal conduct that is being punished is that which Sedillos committed after the 2001 amendment to K.S.A. 8-1567. His 1996 and 1997 convictions are only being used to enhance the sentence for his current DUI violation. Therefore, the application of K.S.A. 2002 Supp. 8-1567(l)(3) to Sedillos' prior convictions does not fall under *Stogner*.

"Moreover, although Sedillos entered into his diversion agreement and plea agreement when K.S.A. 8-1567 indicated that only convictions occurring in the previous 5 years could be used to enhance the sentence for a current DUI offense, there is no indication that he relied on this provision when entering into those agreements. See K.S.A. 2000 Supp. 8-1567(k)(3). Indeed, such reliance would be illogical because the legislature could choose at any time to alter the manner in which it punishes an offense occurring after the amendment date. Because the 2001 amendment to the enhanced sentencing provisions of 8-1567 only punishes conduct which occurs subsequent to the amendment date and does not alter the sentence imposed in Sedillos' prior convictions, we find that his argument fails. See K.S.A. 8-1567(l)(3)." 33 Kan. App. 2d at 145.

We agree and further note that *Stogner* is both legally and factually distinguishable from the defendant's case. *Stogner* was concerned solely with an ex post facto issue rather than the due process challenge raised in this case. Stogner was being prosecuted and punished for a crime in which he no longer had criminal liability but for the new statute; the defendant was charged with felony DUI and sentenced accordingly solely on conduct committed after the 2001 amendment to 8-1567. Thus, the application of K.S.A. 2002 Supp. 8-1567(l)(3) to Sedillos' prior convictions does not fall under *Stogner*.

Additionally, in *State v. LaMunyon*, 259 Kan. 54, 911 P.2d 151 (1996), this court found that a defendant's juvenile adjudications could be used in determining the criminal history score under the Kansas Sentencing Guidelines Act, K.S.A. 21-4701 *et seq.*, even though the Kansas Juvenile Offenders Code, K.S.A. 38-1601 *et seq.* (Furse 1993), provided that no judgments or decrees under the Code should be deemed or held to import a criminal act on the part of the juvenile. We reasoned in part:

"Due process does not require that a defendant be informed of all collateral consequences which may result from a guilty plea. [Citation omitted.] One of the collateral consequences of which a defendant need not be informed is the possibility that the conviction may be used to enhance the sentence for a later crime. [Citations omitted.]" 259 Kan. at 62.

In this case, the amended statute, K.S.A. 2002 Supp. 8-1567(l)(3), allowing the use of lifetime convictions, became effective in July 2001, approximately 19 months prior to the date of the defendant's current DUI offense. The defendant thus had suffi-

cient notice that all of his prior lifetime convictions could be used to enhance his sentence if he was convicted of a DUI after that date. Further, *LaMunyon* counsels that the defendant did not have to be warned that his DUI diversion or his DUI guilty plea could subsequently be used to enhance his sentence because that possibility was merely a collateral consequence resulting from his decisions to enter into those prior DUI convictions. The Court of Appeals correctly concluded that the defendant was not denied due process by the use of his prior convictions to enhance his current DUI conviction sentence under K.S.A. 2002 Supp. 8-1567(l)(3).

Affirmed.

LOCKETT, J., Retired, assigned.