NOT DESIGNATED FOR PUBLICATION

No. 123,286

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KAJUAN MICHAEL JACKSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Atchison District Court; ROBERT J. BEDNAR, judge. Opinion filed September 17, 2021. Affirmed.

*Hope E. Faflick Reynolds*, of Kansas Appellate Defender Office, for appellant.

*Sherri L. Becker*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., ATCHESON and WARNER, JJ.

PER CURIAM:  After being sentenced on three felonies, Defendant Kajuan Michael Jackson filed a motion in the Atchison County District Court to withdraw his plea to criminal possession of a firearm. The district court ruled that Jackson established no manifest injustice warranting withdrawal of the plea. On appeal, Jackson argues, as he did in the district court, he should be allowed to withdraw the plea because he was not informed he could be charged with a federal crime for having the firearm. We find federal prosecution under the dual sovereign doctrine to be analogous to a collateral consequence that does not support withdrawing a plea after sentencing and, therefore, affirm the district court.

1

The Atchison County Attorney charged Jackson with a slew of offenses including six felonies. Through his lawyer, Jackson worked out an arrangement under which he pleaded guilty to fleeing or attempting to elude a police officer, possession of methamphetamine, and criminal possession of a firearm by a convicted felon—all felonies—and the State agreed to dismiss the other charges. Jackson was a convicted felon and had a handgun in violation of K.S.A. 2020 Supp. 21-6304. The district court imposed concurrent sentences on Jackson in July 2020 with a controlling 40-month term of incarceration for the methamphetamine conviction.

Three weeks later, Jackson filed a motion to withdraw his plea to the charge for criminal possession. He argued he should be allowed to do so because the district court had not advised him either at the plea hearing or the sentencing hearing that he could be charged in the United States District Court for a federal crime based on the same facts, i.e., his possession of the handgun as a convicted felon. The district court promptly held a hearing on Jackson's motion and denied his request. Jackson has appealed.

A defendant seeking to withdraw a plea after sentencing must show relief is necessary to correct "manifest injustice." K.S.A. 2020 Supp. 22-3210(d)(2). Manifest injustice has been described as something obviously unfair or shocking to the conscience. *State v. Kelly*, 291 Kan. 868, Syl. ¶ 3, 248 P.3d 1282 (2011). An appellate court will not disturb a district court's denial of a motion to withdraw a plea after sentencing unless the defendant establishes an abuse of discretion. *State v. Woodward*, 288 Kan. 297, 299, 202 P.3d 15 (2009). A district court exceeds that discretion if it rules in a way no reasonable judicial officer would under the circumstances, if it ignores controlling facts or relies on unproven factual representations, or if it acts outside the legal framework appropriate to the issue. See *State v. Darrah*, 309 Kan. 1222, 1227, 442 P.3d 1049 (2019); *State v. Ward*, 292 Kan. 541, Syl. ¶ 3, 256 P.3d 801 (2011).

Here, as we have said, Jackson argues that the district court's failure to tell him he could be prosecuted in federal court for possession of a firearm notwithstanding his plea to a like charge under K.S.A. 2020 Supp. 21-6304 rises to the level of manifest injustice. We disagree. As Jackson has framed the issue on appeal, we cannot tell if he has been charged in federal court or simply faces the abstract possibility of being charged. Either way, however, his argument fails.

In accepting pleas from criminal defendants, district courts have no legal duty or obligation to inform them of collateral consequences of the plea. *State v. Moody*, 282 Kan. 181, 194, 144 P.3d 612 (2006); *State v. Sedillos*, 279 Kan. 777, 787, 112 P.3d 854 (2005). The Kansas Supreme Court has characterized a *direct* consequence of a plea as "'a definite, immediate, and largely automatic result.'" *Moody*, 282 Kan. at 195 (quoting *In re J.C.*, 260 Kan. 851, 857, 925 P.2d 415 [1996]). Conversely, collateral consequences are remote or uncertain and typically arise from independent actions of another government agency or actor. See *United States v. Youngs*, 687 F.3d 56, 60-61 (2d Cir. 2012); 21 Am. Jur. 2d, Criminal Law § 599 (comparing direct and collateral consequences resulting from plea to criminal charge). Over the years, the Kansas appellate courts have identified examples of collateral consequences a defendant need not be informed of during a plea hearing. See *State v. Schaefer*, 305 Kan. 581, 592, 385 P.3d 918 (2016) (finding possibility of involuntary civil commitment under the Kansas Sexually Violent Predator Act collateral consequence under specific facts of case); *Sedillos*, 279 Kan. at 787-88 (that plea and resulting conviction might be used to enhance sentence for later crime collateral consequence); *City of Ottawa v. Lester*, 16 Kan. App. 2d 244, 248, 822 P.2d 72 (1991) (possible suspension of driving privileges collateral consequence); *State v. Cox*, 16 Kan. App. 2d 128, 130-31, 819 P.2d 1241 (1991) (parole restrictions and loss rights to vote, serve on jury, and hold public office collateral consequences).

A district court has a statutory duty to inform a defendant pleading to a felony of "the consequences of the plea," including the maximum penalty that might be imposed. K.S.A. 2020 Supp. 22-3210(a)(2). The duty also has a substantial constitutional overlay. See *Boykin v. Alabama*, 395 U.S. 238, 243-44, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969); *State v. Valladarez*, 288 Kan. 671, 681-82, 206 P.3d 879 (2009) (recognizing due process implications in entering a voluntary and informed plea). As we have explained, the obligation does not extend to the myriad collateral consequences that may follow a plea. *Moody*, 282 Kan. at 194-95.

What Jackson asserts here is really neither a direct nor a collateral consequence of his plea to the Kansas firearms charge. Jackson could be charged in federal court with a federal firearms crime regardless of whether he was charged or convicted in state court for violating K.S.A. 2020 Supp. 21-6304 based on the same set of facts. Under the dual sovereign doctrine, prosecution of a defendant to judgment on state charges does not interpose a double jeopardy bar to a prosecution in federal court for similar federal crimes arising from the same criminal episode. *Gamble v. United States*, 587 U.S. ___, 139 S. Ct. 1960, 1963-64, 204 L. Ed. 2d 322 (2019); *State v. Chatagnier*, 27 Kan. App. 2d 307, 311, 3 P.3d 586 (2000). State and federal governments, as separate "sovereigns," may independently pursue violations of their respective criminal codes arising from the same set of facts.

Given the dual sovereign doctrine, a federal prosecution would be legally analogous to a collateral consequence and most certainly could not be considered a direct consequence of Jackson's plea. Any federal prosecution of Jackson or a similarly situated defendant would be remote and would depend on a decision of the United States Attorney's office to bring federal charges in the United States District Court.

Accordingly, the district court had no obligation to inform Jackson he might face federal prosecution notwithstanding his plea. In turn, Jackson has not demonstrated an

injustice, let alone a manifest injustice that would permit him to withdraw his guilty plea to unlawful possession of a firearm in violation of K.S.A. 2020 Supp. 21-6304.

Affirmed.